PER CURIAM.
K Mart Corporation petitions this court for a writ of certiorari to review a discovery order. We deny the petition.
Respondent Concepcion Fernandez sued K Mart after allegedly having purchased and consumed “defective cough medicine.” K Mart, a Michigan corporation, served a request for admissions which asked, inter alia, whether Fernandez “[is] claiming damages in the amount of $50,000 or less.” In the event Fernandez had indicated her claim would exceed that amount, K Mart asserts it would have petitioned for removal to federal court pursuant to 28 U.S.C. §§ 1332 and 1441. However, Fernandez objected that the request was not proper in that it “does not seek an admission of fact or law designed to narrow or simplify the issues for trial, nor [is] it ... calculated to lead to the discovery of admissible evidence.” She also purported to be unable at this time to determine the exact amount of damages she might seek at trial. The circuit court denied K Mart’s motion to compel Fernandez to respond to the request for admissions, stating that “the subject matter of the request is not proper for a request for admissions.”
We agree with K Mart that the circuit court’s order, as worded, is in error. See, e.g., Steele v. Underwriters Adjusting Co., Inc., 649 F.Supp. 1414 (M.D.Ala.1986); Bonnell v. Seaboard Air Line Railroad Co., 202 F.Supp. 53 (N.D.Fla.1962) (suggesting request for admissions is a proper method to ascertain the amount in controversy for removal purposes). Moreover, because 28 U.S.C. § 1446(b) imposes a limit of one year from commencement of the action to petition for removal, K Mart believes it will suffer the “irreparable injury” of losing this right unless Fernandez is compelled to answer at some point prior to that one-year deadline.
Nevertheless, we are not persuaded that K Mart faces the prospect of an irremediable loss of rights. First of all, the record before us is insufficient to determine whether the circuit court ceased its inquiry after concluding K Mart’s request for admissions was facially improper, or whether the court also considered the merits of Fernandez’s assertion not to be able to quantify her damages at this stage in the proceedings. Assuming the circuit court did both, we have been provided no basis for evaluating the reasonableness of that assertion. Additionally, the record indicates that Fernandez subsequently made an offer of judgment for less than the $50,000 removal threshold. Therefore, unless circumstances change, we have no reason to conclude that K Mart is likely to exercise its right of removal to federal court.
Petition for writ of certiorari denied.
CAMPBELL, A.C.J., and SCHOONOVER and BLUE, JJ., concur.