688 So.2d 464 (1997)
SUNRISE MILLS (MLP) LIMITED PARTNERSHIP, a District of Columbia Limited Partnership, Appellant,
v.
Donna ADAMS, Appellee.
No. 95-4378.
District Court of Appeal of Florida, Fourth District.
March 5, 1997.
Robert Scott Newman and William G. Liston of Marlow, Connell, Valerius, Abrams, Lowe & Adler, Miami, for petitioner.
James W. Knight, Jr. of James W. Knight, Jr., P.A., Fort Lauderdale, for respondent.
*465 FARMER, Judge.
In this personal injury case, defendant served plaintiff with a request for admission "that you are seeking damages exclusive of interest and costs in excess of $50,000." This was done within the time that defendant could have removed the case to federal court because of diversity of citizenship. Plaintiff objected, and the trial court sustained the objection. By order, we granted the petition for common law certiorari, stating that an opinion would follow in due course.
First, we agree that this petition presents an exception to the usual rule that orders limiting or denying discovery are generally not reviewable by common law certiorari. See Martin-Johnson Inc. v. Savage, 509 So.2d 1097 (Fla.1987). In this case, however, defendant has demonstrated both a substantial departure from the essential requirements of law and irreparable harm.
The requested admission involved defendant's right to removal under federal law, the time for which is relatively abbreviated after notice of the claim has been given. See 28 U.S.C. §§ 1332 and 1441. We deem the right to federal jurisdiction over a claim to be among that very narrow class of matters involved in the assertion of a civil claim as to which a trial court decision may affect the "essential requirements of law." Moreover, under federal law a party has a right to discovery for removal purposes as to the amount in controversy. See Steele v. Underwriters Adjusting Co., Inc., 649 F.Supp. 1414 (M.D.Ala.1986). Not permitting certiorari review under these circumstances would have the effect of defeating defendant's statutory right of removal to a federal court having constitutional jurisdiction of the claim.[1]
Plaintiff's only objection to the request was that it "is not a material evidentiary issue in the case." Plainly that objection is legally insufficient, not to mention entirely unfounded. If the amount of damages is not a "material evidentiary issue" in a personal injury claim, it is hard to imagine what is.
We also note that plaintiff had not offered to submit to judgment for less than $50,000. In this regard, the present case is different than K Mart Corp. v. Fernandez, 623 So.2d 846 (Fla. 2d DCA 1993), where that plaintiff had offered to settle for less than the federal jurisdictional threshold. We also do not consider plaintiff's argument, raised for the first time in this court, that she had not yet learned whether she can assert damages greater than $50,000. The papers furnished us with this petition and response do show some discovery. Moreover, the amount of damages suffered by a plaintiff in a personal injury case are uniquely within the knowledge of the claimant. Plaintiff made no record showing in the trial court that discovery from nonparties was necessary for her to make a good faith assertion as to the amount of damages. Indeed, her complaint alleges, apparently in good faith, that her damages exceed $15,000, so she obviously has some knowledge as to the amount of the loss she claims.
We grant certiorari and quash the trial court's order sustaining the objection to the request for admission. The objection is overruled.
GLICKSTEIN and DELL, JJ., concur.
NOTES
[1] We certify that we are in disagreement with K Mart Corp. v. Fernandez, 623 So.2d 846 (Fla. 2d DCA 1993), to the extent that it suggests that the kind of order here categorically may not fall within our common law certiorari jurisdiction.