STEVENSON, J.
This appeal stems from dismissal of a complaint filed by the appellant, Lime Bay Condominium, Inc., against the appellee, State Farm Florida Insurance Company, alleging bad faith in the manner in which State Farm handled an insurance policy claim. Because Lime Bay’s complaint was filed prematurely, we affirm.
In 2005, Lime Bay had an insurance policy from State Farm and filed a claim after suffering property damage during Hurricane Wilma. State Farm concluded that the property suffered damages in the amount of $281,731.46 and paid Lime Bay $6,940.46, which represented the amount remaining after the deductible. Lime Bay disagreed with State Farm’s determination and retained its own experts who estimated that Lime Bay would incur $1.4 million in repairing the property, mostly due to roof damage. These estimates were pro *699 vided to State Farm. On February 9, 2007, Lime Bay filed a Civil Remedy Notice of Insurer Violation (“CRN”) with the Florida Department of Financial Services, alleging that State Farm acted in bad faith in handling its claim. State Farm denied Lime Bay’s allegations.' On March 7, 2007, Lime Bay filed a complaint for breach of contract against State Farm. Two years later, the parties engaged in the appraisal process, resulting in an appraisal award in the amount of $1,051,251.41. The breach of contract case was abated during the appraisal process. State Farm paid the appraisal award to Lime Bay. Based on these events, Lime Bay alleged that State Farm acted in bad faith and alleged numerous violations of the bad faith statute. State Farm filed a motion to dismiss the bad faith complaint, arguing that there had not yet been a final determination of liability and maintaining that it intended to dispute liability in the breach of contract case. The trial court agreed with State Farm and dismissed the bad faith complaint.
A trial court’s order dismissing a complaint is reviewed de novo. See Swope Rodante, P.A. v. Harmon, 85 So.3d 508, 509 (Fla. 2d DCA 2012).
When a plaintiff does not and cannot allege that there has been a final determination of both the insurer’s liability and the amount of damages owed by the insurer, the plaintiffs bad faith claim is premature and should be either dismissed without prejudice or abated.
State Farm Mut. Auto. Ins. Co. v. O’Hearn, 975 So.2d 633, 635-36 (Fla. 2d DCA 2008). Lime Bay did not, and could not, allege that there had been a final determination of liability since the breach of contract case was still pending. See Blanchard v. State Farm Mut. Auto. Ins. Co., 575 So.2d 1289, 1291 (Fla.1991) (holding that an insured’s bad faith claim does not accrue “before the conclusion of the underlying litigation for the contractual ... insurance benefits”). Rather, the trial court must first resolve the issue of State Farm’s liability for breach of contract, as well as the significance, if any, of the appraisal award. See State Farm Fla. Ins. Co. v. Seville Place Condo. Ass’n, 74 So.3d 105, 108 (Fla. 3d DCA 2011) (commenting that a bad faith action is premature until the insurer raises no defense that would defeat coverage which is “an issue for the judicial process rather than the appraisal process”), review dismissed, 91 So.3d 133 (Fla.2012). Thus, the trial court’s order dismissing the bad faith complaint is affirmed.

Affirmed.

HAZOURI and GERBER, JJ., concur.