EVANDER, J.
Safeco appeals from an adverse final judgment in a lawsuit for uninsured/under-insured (UM) benefits brought by its insured, Adrian Fridman. Prior to trial, Safeco tendered payment to the insured for the UM policy limits of $50,000 and *18 filed a “Confession of Judgment” and a “Motion for Entry of Confession of Judgment.” Despite the fact that Safeco’s tender of policy limits and confession of judgment fully resolved the substantive issues framed by the pleadings, the trial court denied Safeco’s motion for entry of confession of judgment and had the case proceed to trial. After a four-day trial, the jury returned a verdict in favor of Fridman for $1 million.
The trial court subsequently entered a final judgment for $50,000. The final judgment purported to reserve jurisdiction to determine Fridman’s right to amend his complaint to seek and litigate bad faith damages and provided that if Fridman should ultimately prevail in a bad faith action against Safeco, he would be entitled to judgment in accordance with the jury’s verdict. On appeal, Safeco contends that it was error for the trial court to deny its motion for entry of confession of judgment and to have the case proceed to trial because the issues in the case had been rendered moot. We agree and conclude that under the facts of this case, the jury verdict was a nullity.
On January 8, 2007, Fridman suffered personal injuries as a result of an automobile collision. At the time, Fridman was insured under an automobile insurance policy issued by Safeco that provided $50,000 of UM coverage. The insurer for the driver of the other vehicle tendered its policy limits of $10,000 to Fridman. Thereafter, Fridman made a claim on Safeco for payment of the UM policy limits. On October 13, 2008, after Safeco had refused to pay on the UM claim, Fridman filed a Civil Remedy Notice pursuant to section 624.155, Florida Statutes (2007).[1] In its notice, Fridman alleged, inter alia, that Safeco had failed to attempt in good faith to settle his claim for UM benefits. On April 29, 2009, Fridman filed a one-count complaint against Safeco seeking damages under his insurance policy for UM benefits. In August 2010, the case was set for trial for the two-week trial docket commencing March 28, 2011. The trial was subsequently continued to the trial court’s September 12, 2011 docket. Prior to the rescheduled trial date, Safeco tendered a check to Fridman for the $50,000 policy limits and filed both a confession of judgment and motion for entry of confession of judgment. In these filings, Safeco expressly agreed to the trial court entering a final judgment in favor of Fridman for the $50,000 sought by Frid-man in his complaint.
Fridman opposed the entry of a confessed judgment arguing, inter alia, that a jury verdict would determine the upper limits of Safeco’s potential liability under a future bad faith claim. On September 6, 2011, the trial court denied Safeco’s motion finding that to do otherwise “would ignore the plain legislative intent of section 627.727(10).” That section provides:
The damages recoverable from an uninsured motorist carrier in an action brought under s. 624.155 shall include *19 the total amount of the claimant’s damages, including the amount in excess of the policy limits, any interest on unpaid benefits, reasonable attorney’s fees and costs, and any damages caused by a violation of a law of this state. The total amount of the claimant’s damages is recoverable whether caused by an insurer or by a third-party tortfeasor.
The case proceeded to trial in December 2011. The jury found that the other driver involved in the collision was negligent and one hundred percent responsible for Fridman’s damages. As previously noted, the jury determined that Fridman’s total damages were $1 million.
The ensuing final judgment read as follows:
Pursuant to the Verdict rendered in this action on December 15, 2011, and pursuant to Plaintiffs Motion for Entry of Final Judgment, IT IS ADJUDGED
1. That the Plaintiff, ADRIAN FRIDMAN, recovers from Defendant, SAFECO INSURANCE COMPANY OF ILLINOIS, the sum of $50,000.00, that shall bear interest, pursuant to Florida Statute § 55.03 for which let execution issue, notwithstanding the excess jury verdict rendered in this matter.
2. The Court reserves jurisdiction to determine the Plaintiffs right to Amend his Complaint to seek and litigate bad faith damages from the Defendant as a result of such jury verdict in excess of policy limits. If the Plaintiff should ultimately prevail in his action for bad faith damages against Defendant, then the Plaintiff will be entitled to a judgment, in accordance with the jury’s verdict, for his damages in the amount of $980,072.91 plus interest, fees and costs.
3. The Court hereby also reserves jurisdiction to consider any applicable attorney’s fees and costs incurred in the Plaintiffs prosecution of this action for the purpose of entering a supplement judgment in favor of the Plaintiff upon proper motion.
An action to recover UM benefits is based on a contract but it has its underpinnings in tort liability. Mercury Ins. Co. of Fla. v. Moreta, 957 So.2d 1242, 1251 (Fla. 2d DCA 2007). Where no dispute exists as to the policy limits or available coverage and such limits are made known to the insured, the amount of the judgment against the insurer may not exceed the policy limits. Nationwide Mut. Fire Ins. Co. v. Voigt, 971 So.2d 239, 242 (Fla. 2d DCA 2008).
A first party bad faith action is a separate and distinct cause of action. Allstate Ins. Co. v. Jenkins, 32 So.3d 163, 165 (Fla. 5th DCA 2010). In contrast to a claim for UM benefits, an insured who prevails on a bad faith claim may recover damages in excess of the policy limits.
In the instant case, the only cause of action before the trial court was Frid-man’s UM claim. Fridman had appropriately not included a bad faith count in his complaint. See Jenkins, 32 So.3d at 165 (“[B]ad faith action is more appropriately brought as a separate cause of action.”); see also Gov’t Emps. Ins. Co. v. King, 68 So.3d 267, 270 n. 3 (Fla. 2d DCA 2011) (en banc) (expressly agreeing with Jenkins that bad faith claim should be brought as separate cause of action). Accordingly, when Safeco agreed to the entry of a judgment against it in the amount of the policy limits, the issues between the parties, as framed by the pleadings, became moot because the trial court could not provide any further substantive relief to Fridman. Godwin v. State, 593 So.2d 211, 212 (Fla.1992) (“An issue is moot when the controversy has been so fully resolved that a judicial determination can have no actual *20 effect.”). Safeco was, in fact, agreeing to the precise relief sought by Fridman in his complaint. Thus, it was error for the trial court to require the parties to proceed to trial. See, e.g., Wollard v. Lloyd’s & Cos. of Lloyd’s, 439 So.2d 217 (Fla.1983) (where statute provided for recovery of attorney’s fees upon entry of judgment in favor of insured against insurer, insured was not required to continue litigation where insurer had paid claim; payment of claim was functional equivalent of confession of judgment). Instead, the trial court should have merely entered the confessed judgment in favor of Fridman, reserving jurisdiction to award costs, prejudgment interest, and, if authorized by law, reasonable attorney’s fees. See Westgate Miami Beach, LTD. v. Newport Operating Corp., 55 So.3d 567, 575 (Fla.2010).[2]
Fridman argues that the entry of a confessed judgment in the underlying UM case would somehow render the remedies authorized under section 624.155 for an insurer’s failure to attempt in good faith to settle claims “impotent and obsolete.” We strongly disagree. Our decision today does not create any legal impediment to Fridman pursuing a bad faith claim against Safeco. As this court has previously stated, an insured is not required to obtain a jury verdict in excess of the applicable UM coverage as a condition precedent to bringing a first party bad faith action against the insurer. Clough v. Gov’t Emps. Ins. Co., 636 So.2d 127 (Fla. 5th DCA 1994), disapproved, on other grounds, State Farm Mut. Auto. Ins. Co. v. Laforet, 658 So.2d 55, 62 (Fla.1995). In Clough, the parties had stipulated that the insured’s damages exceeded the available UM coverage. Notwithstanding the stipulation, the insured wished to proceed to trial in the UM case. Instead, the trial court struck the case from the trial docket and entered summary judgment in favor of the insured in the amount of the available UM coverage. In affirming the trial court, we observed that while in ordinary circumstances an insured must obtain a judgment in excess of policy limits before prosecuting a first party bad faith claim, it was the establishment of the fact that such damages were incurred and not them precise amount that formed the basis for a subsequent bad faith cause of action. Thus, the parties’ stipulation provided a sufficient basis for any subsequent bad faith action and the insured could pursue its bad faith damages in such suit. Similarly, in the instant case, we conclude that a confessed judgment in the amount of the UM policy limits would provide Fridman a sufficient basis to pursue a bad faith claim against Safeco.
We find further support for our decision in Brookins v. Goodson, 640 So.2d 110 (Fla. 4th DCA 1994), disapproved on other grounds, Laforet, 658 So.2d at 62.[3] There, our sister court concluded that the resolution of the underlying UM claim by the *21 insurer’s payment of policy limits prior to trial did not preclude the insured from subsequently pursuing a first party bad faith claim:
[A]n insurer cannot escape liability for a violation of section 624.155 by the simple expedient of a belated payment of the policy limits after the 60 day time period provided in [the statute] has expired. The belated payment by the insurer neither automatically proves nor disproves first party bad faith.
Id. at 112-13.
Furthermore, contrary to the conclusion of the trial court, the entry of a confessed judgment would not ignore the legislative intent of section 627.727(10). Fridman can seek the full measure of damages afforded by this subsection in a subsequent bad faith action. See Cbugh; Brookins.
On remand, the trial court shall enter an amended final judgment deleting any reference to the jury verdict obtained and declining to reserve jurisdiction to consider a request to amend the complaint to add a count seeking relief under section 624.155.
REVERSED and REMANDED.
PALMER, J., concurs.
SAWAYA, J., dissents, with opinion.

. Section 624.155 provides:
Civil remedy.—
(1) Any person may bring a civil action against an insurer when such person is damaged:
(b) By the commission of any of the following acts by the insurer:
1. Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests;
(3)(a) As a condition precedent to bringing an action under this section, the department and the authorized insurer must have been given 60 days' written notice of the violation....

. In Westgate, our supreme court held that a trial court was permitted to reserve jurisdiction to award prejudgment interest and observed that an award of attorneys’ fees and court costs are typically considered "incidental” to the final judgment.
In holding that a trial court is allowed to reserve jurisdiction to award prejudgment interest, we find it significant that for all practical reasons, prejudgment interest is more akin to attorneys’ fees and costs than other elements of damages.... Although prejudgment interest is not incidental to the final judgment like attorneys’ fees and costs, the issue of prejudgment interest does not alter the substance of the underlying final judgment.
55 So.3d at 575.

. It should be noted that Clough and Brookins were disapproved by the Florida Supreme Court in Laforet only to the extent that those cases could be read as approving the retroactive application of section 627.727(10).