THOMAS, J.
Petitioner, Safeco Insurance Company (Safeco), seeks a writ of certiorari with regard to the lower court’s order denying Safeco’s motion requesting the court to enter a final judgment in accordance with Petitioner’s confession of judgment, and also granting Respondent’s motion for *943 leave to amend his complaint seeking un-derinsured motorist (UM) benefits to add a claim for bad faith. For the reasons explained below, we deny Safeco’s petition.

BACKGROUND

Respondent was in a motor vehicle accident with a third party. Respondent was insured by Safeco for UM benefits. Respondent, with Safeco’s consent and waiver of subrogation rights, settled his bodily injury claim against the third party for his insurance policy limits of $25,000. On February 13, 2012, Respondent filed a complaint against Safeco seeking UM benefits under his policy with Safeco. The next day, Respondent filed a “Civil Remedy Notice of Insurer Violations” form, asserting Safeco had tendered an unsatisfactory settlement offer on the UM policy, i.e., an offer less than the UM policy’s limits “even though the claim value exceeds” the limits of the tortfeasor’s policy limits combined with the UM limits.
Safeco did not serve an answer to the UM complaint until July 2, 2012.[1] Safeco’s answer indicated “without knowledge” to Respondent’s allegation that he incurred damages in excess of the $25,000 available from the tortfeasor’s liability policy, but paradoxically, Safeco also asserted that it had previously tendered to Respondent the $100,000 available under the UM policy. Safeco asserted that this “tender operates as a confession of judgment as a matter of law” and that, “pursuant to Florida law, this Court should now enter judgment in this case for Plaintiff for the applicable $100,000 policy limits.” Safeco also asserted that, because of its prior confession of judgment, the court “no longer has jurisdiction over this case or its subject matter regarding any claim ... in excess of the policy limits, which if there is such a claim, must be litigated as a separate suit on damages as contemplated by § 627.727(10), Florida Statutes.” Safeco also cited Government Employees Insurance Company v. King, 68 So.3d 267 (Fla. 2d DCA 2011), as authority for this proposition.
Shortly thereafter, on July 11, 2012, Respondent filed a motion to amend his complaint, asserting, inter alia, that Safeco, “after being relieved of a default for failure to timely file an answer to the initial complaint, has asserted an affirmative defense to the effect that it wants to ‘confess judgment’ in the amount of $100,000 as a ploy or strategy to allegedly relieve this court of any jurisdiction over this case inclusive of any bad faith damages in excess of the policy limit.” Respondent also asserted he was entitled to proceed to a jury trial on the UM claim to allow a jury to determine the full extent of his damages related to the accident, and then proceed to a separate trial on the proposed amended bad-faith count.
The following month, Safeco filed a response opposing Respondent’s motion to amend his complaint, arguing that the motion should be denied “because a bad faith action is separate and distinct from the underlying UM action. Therefore, it is improper to bring both claims in the same litigation.” Safeco also argued that amending the complaint was unnecessary, because there remained no justiciable issue between the parties and the only remaining judicial act was entry of a judgment in Respondent’s favor in the amount of the $100,000 policy limits. Additionally, Safeco asserted that the bad-faith claim *944 was premature, absent a final judgment on the UM claim. Concurrent with this response, Safeco filed its motion for judgment on the pleadings in the amount of $100,000, asserting that pleadings in the matter were closed in light of the complaint and answer.
After conducting a hearing on the parties’ respective motions, the court issued the order under review. The court found that “[o]n the one hand, a bad faith claim is not ripe until a judgment has been entered or until a determination has been made such that the Plaintiff can allege” that his damages have been determined. “On the other hand, discovery is not permissible as to the underlying circumstances regarding a bad faith claim” until that determination has been made. The court noted that it is a “frequent practice ... to allow amendment of the complaint which is then abated until resolution of the underlying claim. That has frequently been the practice regarding third party claims; however, this is a first party claim,” and Respondent and the third-party tortfeasor have settled their action, with Petitioner’s concurrence. The court noted that Respondent agreed that judgment at that point could only be entered in the amount of policy limits as to the UM claim. The court found that “judgment on the pleadings cannot be resolved until the pleadings are closed,” as provided by Florida Rule of Civil Procedure 1.140(c).
The trial court further stated that “[u]n-der these circumstances, it is therefore appropriate to resolve the matter in this first party” bad-faith claim by granting Respondent’s motion to amend and “[e]i-ther by stipulation between the parties or after the Defendant files an Answer to the Amended Complaint and the pleadings are closed, the Defendant may submit a partial judgment” on the UM count “in the amount of $100,000.00 which shall not be a final judgment.” The court also found that, pursuant to this resolution, discovery in the bad-faith claim could commence and the claim could then proceed to trial “where a single, final judgment as to both counts can be rendered after a jury determines all relevant damages.”
Shortly after the trial court entered this order, Safeco filed a Notice of Removal to the federal district court for Florida’s northern district. The federal court denied the removal and remanded the case to the state court, finding the removal was untimely. The court rejected Petitioner’s argument that the bad-faith claim in Respondent’s amended complaint “constituted a separate and independent cause of action, triggering the thirty-day removal period.” The court also rejected the argument that the amended complaint revived the removal period, disagreeing with contrary conclusions in the middle district, but agreeing with cases from the southern district. The court discussed the removal statutes and found that, under plain language it rejected Petitioner’s position that the “bad faith claim is separate and independent of [the] UM claim for removal purposes” and Petitioner failed to timely seek removal when the original complaint was filed. The court also noted that there was nothing in the statutes “allowing for severance of claims in diversity cases” such as this.
In the wake of this order, the case was remanded to the circuit court. Petitioner filed a notice of appeal of the court’s order granting the motion to amend and denying the motion to enter a final judgment. This court issued an order in which it announced the order was not appealable and, thus, the notice would be treated as a petition for writ of certiorari.

ANALYSIS

“To obtain a writ of certiorari, a petitioner must show there has been ‘(1) a *945 departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal.’ ” Lacaretta Restaurant v. Zepeda, 115 So.3d 1091, 1092 (Fla. 1st DCA 2013) (quoting Reeves v. Fleetwood Homes of Fla., Inc., 889 So.2d 812, 822 (Fla.2004)). Recently, our supreme court reiterated that “[t]he threshold question that must be reached first [when determining whether to grant certiorari] is whether there is a material injury that cannot be corrected on appeal, otherwise termed as irreparable harm.” Rodriguez v. Miami-Dade County, 117 So.3d 400, 404 (Fla.2013). The court also noted that the question of irreparable harm is jurisdictional. Id. at 406. Therefore, we first address whether Safeco has established this threshold element.

Irreparable Harm

Notably, in Rodriguez, the non-final order under review was a denial of the county’s motion for summary judgment on sovereign immunity grounds. Logically, if denial of the right to avoid litigation and trial based on such immunity is not subject to relief via certiorari, it stands to reason that the order here, which, at most, might cause a delay in Petitioner’s ability to remove this matter to federal court, is also not appropriate for such relief.
It is in this regard that this matter materially differs from the facts in Sunrise Mills (MLP) Limited Partnership v. Adams, 688 So.2d 464 (Fla. 4th DCA 1997), upon which Safeco relies. In that case, the “defendant served plaintiff with a request for admission ‘that you are seeking damages exclusive of interest and costs in excess of $50,000.’ This was done within the time that defendant could have removed the case to federal court because of diversity of citizenship. Plaintiff objected, and the trial court sustained the objection.” Id. at 465. The court explained, “The requested admission involved defendant’s right to removal under federal law, the time for which is relatively abbreviated after notice of the claim has been given.” Id. It was in this context that the court held that “[n]ot permitting certiorari review under these circumstances would have the effect of defeating defendant’s statutory right of removal to a federal court having constitutional jurisdiction of the claim.” Id. In other words, had the court’s ruling remained in force past the time for removal, the defendant would have been permanently deprived of its removal right. Here, however, in the event the trial court’s order is reversed on appeal, Respondent will have to file a new, separate action for bad faith if he wishes to continue pursuing his bad-faith claim. Safeco would then be able to remove that action. Consequently, unlike in Adams, there is no threat of a permanent deprivation of Safeco’s removal right.
Safeco also relies on GEICO General Insurance Co. v. Harvey, 109 So.3d 236 (Fla. 4th DCA 2013). In that case, the plaintiff obtained a judgment against Harvey, who had a liability policy with GEI-CO. Subsequent to this judgment, the plaintiff was permitted to add GEICO as a defendant, and Harvey filed a counterclaim against GEICO, asserting bad faith. Id. at 237. “GEICO attempted to remove the bad faith action to federal court, but the notice of removal was found to be untimely, and the case was remanded to the state circuit court.” Id. The federal court’s reasoning was essentially identical to that of the federal court in this case. “GEICO then moved to dismiss or sever the bad faith crossclaim by arguing that the claim was not part of the same transaction or occurrence as the wrongful death action.” The trial court denied the motion, and GEICO petitioned for certiorari. Id. The court granted this petition, holding “the *946 denial of the motion to dismiss has defeated GEICO’s right to have the action removed to federal court. The loss of this statutory right of removal is among the narrow class of matters subject to certiora-ri review,” citing Adams. Id. Bit 238.
Although procedurally somewhat similar to the case here, the court in Harvey did not address just how the harm was irreparable. Presumably, had the matter proceeded to a final judgment and, for the reasons explained in the remainder of the opinion, the court reversed the trial court’s order on the merits, Harvey would have been forced to file a new and separate action, at which time GEICO, similar to Respondent here, would have been able to remove that claim. That option was not, as discussed, available to the insurer in Adams. A strict reading of the Harvey opinion suggests that even a mere delay in a party’s ability to remove a case ipso facto equates to irreparable harm, a conclusion that is at odds with the supreme court’s admonition in Rodriguez that “the continuation of litigation and any ensuing costs, time, and effort in defending such litigation does not constitute irreparable harm.” 117 So.3d at 405. It is also clear from the supreme court’s opinions in Rodriguez and Citizens Property Insurance Corp. v. San Perdido Association, 104 So.3d 344 (Fla.2012), that the court’s position is that the instances in which certiora-ri is appropriate should be restricted, not expanded. A decision by the Fourth District ten months after its Harvey decision indicates, however, that the court recognized there is no such automatic irreparable harm in cases involving removal. In Beazley Insurance Co., Inc. v. Banerjee, the court held that “[cjertiorari relief may be appropriate when the effect of a court’s ruling is to defeat a litigant’s ability to remove an action to federal court.” 123 So.3d 1184, 1185 (Fla. 4th DCA 2013) (emphasis added). Again, here, assuming, ar-guendo, the trial court erred, at worst, Safeco’s ability to remove this case has been delayed, not defeated.
Note, too, that in Banerjee and Harvey, the petitioners were joined in actions that had been pending for some time, and then-attempts at removal were thwarted because the federal courts found them untimely — using, as the federal court did here, the date the underlying action was filed, not the date the petitioner was joined. Here, however, Safeco was the only defendant in the underlying action and did not seek removal until Respondent was permitted to amend his complaint to include a bad-faith action. Thus, unlike the petitioners in Banerjee and Harvey, Safeco had a measure of control over its fate, but was late in exercising it, resulting in a denial of its attempt to remove the case to federal court. Notably, during the hearing below, Safeco’s sole concern was having to go through with a UM trial even though it had tendered its policy limits and the court could not enter a judgment in excess of those limits.
Safeco also argues that it will suffer irreparable harm if it has to go through with a second trial because by then it will have revealed its trial strategy during the first trial. But the Florida Supreme Court has already rejected this argument in Jaye v. Royal Saxon, Inc., 720 So.2d 214, 215 (Fla.1998) (rejecting petitioner’s argument of “substantial injury caused when aggrieved parties must ‘show their hand’ in a preliminary nonjury trial.”).
For the foregoing reasons, Safeco has failed to establish that it will suffer irreparable harm if it is required to continue litigating Respondent’s bad-faith claim and appeal the order under review after a final, appealable judgment is entered in this matter. Although this failure alone means Safeco is not entitled to a writ of certiora- *947 ri, we address the issue of whether the trial court’s order departed from the essential requirements of law to further explain our decision.

Departure from Essential Requirements of Law

“The departure from the essential requirements of the law necessary for granting a writ of certiorari is something more than a simple legal error.” Custer Med. Ctr. v. United Auto. Ins. Co., 62 So.3d 1086, 1092 (Fla.2010). “The district courts should exercise this discretion only when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice.” Combs v. State, 436 So.2d 93, 96 (Fla.1983). “Appellate eourts do not issue writs of certiorari merely to correct an erroneous application of the law, as would be the case in a plenary appeal.” Abbey v. Patrick, 16 So.3d 1051, 1054 (Fla. 1st DCA 2009).
Safeco contends the court departed from the essential requirements of law by allowing Respondent to amend his complaint to assert a bad-faith claim, arguing that, once Safeco confessed judgment and moved for entry of a judgment against it in the amount of the policy limits, the court lost jurisdiction to do anything other than enter a final judgment because there was no further judicial labor for the lower court to perform as the pleadings stood at the time. Safeco also argues the trial court “improperly attempted to retain jurisdiction over” the UM claim by refusing to enter a final judgment.
The latter point is not supported by the court’s order, which makes it clear that the UM claim had been resolved and that the bad-faith claim ripened by the combined effect of the settlement between Respondent and the tortfeasor (with Safeco’s consent) as well as Safeco’s tendering of the policy limits. The court also found that Respondent agreed that the court could enter a judgment only in the amount of the policy limits. The court did not refuse to enter a judgment on the pleadings but, rather, found it could not do so until the pleadings were closed, which would not occur until Safeco filed an answer to the amended complaint. Thus, although the court declined to enter a final judgment on the UM claim, there is no indication that any further litigation on that claim was contemplated. Rather, the court simply declined to enter a final judgment until the bad-faith claim was resolved, at which point it would add the amount of the verdict in that claim, if any, to the $100,000 partial judgment.
Under Safeco’s rationale, if Respondent had originally filed his complaint to include a claim for both UM benefits and bad faith, and the court simply abated the bad-faith claim pending the conclusion of the UM claim, the court would not have jurisdiction over the bad-faith claim once the UM judgment was entered. This is contrary to the case law, according to which a trial court may proceed with a bad-faith count after entering judgment on the UM claim. See, e.g., Landmark Am. Ins. Co. v. Studio Imports, Ltd., 76 So.3d 963, 963 (Fla. 4th DCA 2011) (holding petitioner “should not have to defend against a bad faith claim at the same time as the underlying issue without the appellee first prevailing on the merits,” and reversing “so the trial court can determine whether the bad faith claim should be abated or dismissed without prejudice.”); Lime Bay Condo. Inc. v. State Farm Fla. Ins. Co., 94 So.3d 698, 699 (Fla. 4th DCA 2012) (holding: “ ‘When a plaintiff does not and cannot allege that there has been a final determination of both the insurer’s liability and the amount of damages owed by the insurer, the plaintiffs bad faith claim is premature and should be either dismissed without prejudice or abated.’ ” (quoting *948 State Farm Mut. Auto. Ins. Co. v. O’Hearn, 975 So.2d 633, 635-36 (Fla. 2d DCA 2008)); State Farm Mut. Auto. Ins. Co. v. Tranchese, 49 So.3d 809, 810 (Fla. 4th DCA 2010) (granting certiorari “petition as to the abatement, because the final determination of coverage and damages for the underlying claim has not been made, which must precede a statutory bad faith action.”).
Notably, in Tranchese, “[t]he cause of action for bad faith was one of multiple claims, including ones for determination of liability and the amount of damages sustained as a result of two automobile accidents suffered by State Farm’s insured Neil Tranchese and his wife, Patricia Tranchese.” Id. at 809-10. Thus, it is clear from these cases that: a) an insured may file a complaint alleging both breach of contract as to UM coverage at the same time as a premature claim for bad faith, but that the latter should, if premature, be either dismissed without prejudice or abated; b) the concern in all of the cases is forcing an insurer to defend against both a UM claim and a bad-faith claim simultaneously; and c) if a claim for bad faith is abated, the trial court of necessity retains jurisdiction over that claim even though, also of necessity, the UM claim has been resoived favorably to the insured.
What occurred here was that Respondent waited until the bad-faith claim ripened when Safeco, in its answer to the UM claim, confessed to liability in the amount of its policy limits. Respondent moved to amend its complaint just nine days after Safeco filed its answer, and Safeco did not move for entry of a final judgment until the following month. Thus, the entire action was still pending before the circuit court, which allowed Respondent to amend his complaint to add the now ripe bad-faith claim, while also, as allowed by the case law, agreeing to enter a judgment for the UM claim. Thus, the court did not require that Petitioner simultaneously defend both a UM claim and a bad-faith claim. Petitioner cites no authority for its proposition that this was a departure from the essential requirements of law. Rather, Safeco cites a number of cases for the undisputed proposition that a bad-faith claim is separate from a UM claim. But this fact does not divest the court of jurisdiction to preside over both, so long as it does so in the proper manner.
Safeco relies heavily on Safeco Insurance Company of Illinois v. Fridman, 117 So.3d 16 (Fla. 5th DCA 2013), but that case is factually distinguishable. There, unlike here, the trial court required the insurer to proceed to a jury trial on the UM claim, despite having tendered policy limits and a confession of judgment in that amount. Id. at 17-18. The court then entered a final judgment in the amount of the policy limits (which were far less than the jury verdict) and purported to reserve jurisdiction to determine whether the insured had a right to amend his complaint. Id. at 18. Here, however, the court entered a partial judgment in the amount of the tendered policy limits and simultaneously allowed Respondent to amend his complaint to add a bad-faith claim which, by virtue of Safeco’s tender, had ripened. The trial court in Fridman erred, in part, by entering a final judgment and also reserving jurisdiction to allow the insured to amend his complaint. Further, the court in Fridman also erred by requiring the insurer to proceed with a UM trial even after tendering its policy limits and even though the maximum judgment available in a UM action is for the policy limits. Here, however, the only trial to which the court’s order subjected Safeco was a bad-faith claim, not the UM claim, which was Safeco’s concern at the hearing.
*949 Based on the foregoing, Safeco has not established that the trial court’s order allowing Respondent to amend his complaint to add a bad-faith claim rose to the level of a departure from the essential requirements of law.

CONCLUSION

For the foregoing reasons, we hold that Safeco is not entitled to a writ of certiorari because it failed to establish that the trial court’s order exposes Safeco to irreparable harm if it is required to wait until a final appealable judgment is entered in this matter or that the trial court departed from the essential requirements of law.
Petition DENIED.
MARSTILLER and MAKAR, JJ., concur.

. According to the federal court order entered in this case (discussed below), Safeco had defaulted and, in its June 2012 motion to set aside the default, "offered to settle the ... claim — and any future bad faith claim — for policy limits,” and mailed a check for $100,000 to Respondent.