PER CURIAM.
GEICO Casualty Company seeks certio-rari review of the trial court’s “Order on Plaintiffs Motion to Amend Pleadings and Defendant’s Motion for Entry of Final Judgment.” We grant the writ and quash the order.
In February 2009, Antonio Barber filed a complaint against GEICO for uninsured/underinsured motorist (“UM”) benefits following an automobile accident. He also filed a Civil Remedy Notice (“CRN”) as authorized by section 624.155, Florida Statutes (2008), alleging that he sustained serious and permanent injuries exceeding his UM policy limits. GEICO answered the complaint and responded to the CRN, stating that based on its investigation, which included a review of Barber’s medical records, it would not offer policy limits.
After, learning Barber had undergone surgery several years later, GEICO served a policy limits proposal for settlement pursuant to Florida Rule of Civil Procedure 1.442 and section 768.79, Florida Statutes (2008). Barber did not accept the proposal. GEICO then filed a “Notice of Confession of Judgment and Motion for Entry of Confessed Judgment” stating:
Defendant GEICO CASUALTY COMPANY hereby confesses judgment to the Plaintiff for its policy limits of Ten *111 Thousand Dollars ($10,000.00) in lieu of the pending jury trial as all issues as framed by the pleadings are rendered moot. See Safeco Insurance Company of Illinois v. Adrian Fridman, 117 So.3d 16 (Fla. 5th DCA 2013).
Before the trial court ruled on GEICO’s motion to enter judgment, Barber filed a motion to amend his complaint to assert separate claims for uninsured motorist benefits, violations of section 624.155, Florida Statutes (2008), and a declaratory judgment to determine liability and the total amount of damages he sustained in the accident. Following several hearings, the trial court entered an order, granting GEICO’s motion to enter final judgment on the UM claim based on its confession of judgment. The court also granted Barber’s motion to amend pleadings to add a count for declaratory relief, but found Barber’s request to add a bad faith claim was not ripe. As a result, Barber filed a second amended complaint, seeking only a declaratory judgment to determine the “apportionment of liability, if any and ... the total amount of damages suffered by [Barber].” The trial court allowed Barber to file his second amended complaint and GEICO now petitions this Court for review.
Relying on this Court’s decision in Safeco Insurance Co. v. Fridman, 117 So.3d 16 (Fla. 5th DCA 2013), review granted, No. SC13-1607, 2014 WL 1659750 (Fla. Apr. 14, 2014), GEICO argues that the trial court’s order departs from the essential requirements of the law and should be quashed. GEICO contends that after it confessed to judgment, the trial court lacked jurisdiction to take any action other than to enter judgment in the amount of the UM policy limits in favor of Barber. We agree.
As we explained in Fridman,
An action to recover UM benefits is based on a contract but it has its underpinnings in tort liability. Mercury Ins. Co. of Fla. v. Moreta, 957 So.2d 1242, 1251 (Fla. 2d DCA 2007). Where no dispute exists as to the policy limits or available coverage and such limits are made known to the insured, the amount of the judgment against the insurer may not exceed the policy limits. Nationwide Mut. Fire Ins. Co. v. Voigt, 971 So.2d 239, 242 (Fla. 2d DCA 2008).
A first party bad faith action is a separate and distinct cause of action. Allstate Ins. Co. v. Jenkins, 32 So.3d 163, 165 (Fla. 5th DCA 2010). In contrast to a claim for UM benefits, an insured who prevails on a bad faith claim may recover damages in excess of the policy limits.
In the instant case, the only cause of action before the trial court was Frid-man’s UM claim. Fridman had appropriately not included a bad faith count in his complaint. See Jenkins, 32 So.3d at 165 (“[B]ad faith action is more appropriately brought as a separate cause of action.”); see also Gov’t Emps. Ins. Co. v. King, 68 So.3d 267, 270 n. 3 (Fla. 2d DCA 2011) (en banc) (expressly agreeing with Jenkins that bad faith claim should be brought as separate cause of action). Accordingly, when Safeco agreed to the entry of a judgment against it in the amount of the policy limits, the issues between the parties, as framed by the pleadings, became moot because the trial court could not provide any further substantive relief to Fridman. Godwin v. State, 593 So.2d 211, 212 (Fla.1992) (“An issue is moot when the controversy has been so fully resolved that a judicial determination can have no actual effect.”). Safeco was, in fact, agreeing to the precise relief sought by Fridman in his complaint. Thus, it was error for the trial court to *112 require the parties to proceed to trial. See, e.g., Wollard v. Lloyd’s & Cos. of Lloyd’s, 439 So.2d 217 (Fla.1983) (where statute provided for recovery of attorney’s fees upon entry of judgment in favor of insured against insurer, insured was not required to continue litigation where insurer had paid claim; payment of claim was functional equivalent of confession of judgment). Instead, the trial court should have merely entered the confessed judgment in favor of Frid-man, reserving jurisdiction to award costs, prejudgment interest, and, if authorized by law, reasonable attorney’s fees. See Westgate Miami Beach, LTD. v. Newport Operating Corp., 55 So.3d 567, 575 (Fla.2010).
117 So.3d at 19-20.
Although the court only had jurisdiction to enter the confessed judgment, Barber is not precluded from litigating the damages issue on his bad-faith claim, as the judgment entered in this case based on GEICO’s contractual obligations under the policy is separate and distinct from Barber’s claim for bad faith. See Harris v. Geico Gen. Ins. Co., 961 F.Supp.2d 1223, 1233 (S.D.Fla.2013); see also GEICO Gen. Ins. Co. v. Harvey, 109 So.3d 236, 240 (Fla. 4th DCA 2013) (“The Florida Supreme Court has repeatedly recognized that a claim arising from bad faith is grounded upon the legal duty to act in good faith, and is thus separate and independent of the claim arising from the contractual obligation to perform.” (Citation and internal quotation marks omitted)).
For these reasons, we quash the order on review.
PETITION GRANTED; WRIT ISSUED; ORDER QUASHED.
PALMER and ORFINGER, JJ., concur.
SAWAYA, J., dissents with opinion.