# Third District Court of Appeal

## State of Florida

Opinion filed January 12, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-151
Lower Tribunal Nos. 17-16701 CC & 20-150 AP

_____

**Edith Garrido,**
Appellant,

vs.

**SafePoint Insurance Company,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Lody Jean, Judge.

Giasi Law, P.A., and Melissa A. Giasi and Erin M. Berger (Tampa), for appellant.

Bickford & Chidnese, LLP, and Patrick M. Chidnese (Tampa); Bressler, Amery & Ross, P.C., and Hope C. Zelinger and Alisha N. Wilson, for appellee.

Before SCALES, MILLER and BOKOR, JJ.

SCALES, J.

Edith Garrido, the plaintiff below, appeals a July 13, 2020 order that both struck and denied Garrido's motion for prevailing party attorney's fees against her insurer, the defendant below, SafePoint Insurance Company ("SafePoint"), on the basis that Garrido's motion was untimely under Florida Rule of Civil Procedure 1.525. We conclude that the trial court erred in this determination; however, because, under the unique circumstances of this case, our determination renders the challenged order a non-appealable, interlocutory order, we dismiss Garrido's appeal for lack of jurisdiction.

## I.    RELEVANT FACTS AND PROCEDURAL BACKGROUND

On October 6, 2017, Garrido filed the instant first-party insurance action against SafePoint in the county court in and for Miami-Dade County, seeking $10,061.78 for property damage allegedly covered under Garrido's homeowner's insurance policy with SafePoint. On February 10, 2018, SafePoint filed its answer and affirmative defenses. Fifteen months later, on May 14, 2019, SafePoint filed in the lower court a document captioned "Confession of Judgment and Confession of Coverage" ("Confession Filing").

In this Confession Filing, SafePoint consented to coverage under the policy and consented to "the entry of Judgment against SafePoint in the amount of $11,243.45." The Confession Filing further stated that the

2

$11,234.45 figure represented "the total amount of damages claimed by [Garrido] inclusive of pre-judgment interest calculated from the date of reporting the subject claim to SafePoint," and that "[t]his payment was previously tendered via written correspondence dated May 7, 2019, to [Garrido]." The Confession Filing further stated that "[SafePoint] concedes that [Garrido] will be entitled to reasonable attorney's fees and costs pursuant to Florida Statute 627.428, provided [she] file[s] a timely motion pursuant to Florida Rule of Civil Procedure 1.525."

Seven months after the Confession Filing, on December 17, 2019, Garrido filed her "Motion [for] Entry of Final Judgment and for Entitlement to Attorneys' Fees and Costs" ("Fees Motion"). Therein, agreeing that the $11,243.45 tendered by SafePoint "is the full amount [Garrido] sought in [her] Complaint plus statutory interest until the date of payment," Garrido requested that the trial court (i) enter a final judgment in Garrido's favor, and (ii) determine that Garrido was entitled to prevailing party attorney's fees under section 627.428 of the Florida Statutes. SafePoint then moved to strike the Fees Motion as untimely for failure to comply with the thirty-day service requirement of rule 1.525 because Garrido filed her Fees Motion more than thirty days after SafePoint filed its Confession Filing.

3

Following two hearings on the parties' competing motions, on July 13, 2020, the trial court entered the challenged order that both denied the Fees Motion and struck it as untimely. Garrido timely filed the instant appeal.

## II. ANALYSIS

We generally do not discuss, much less decide, the merits of an issue presented on appeal where we lack jurisdiction to hear the appeal. In this unique case, though, because the jurisdictional question is inextricably intertwined with, and actually determined by, the legal issue presented, we are compelled to reach and adjudicate the legal issue in order to make our jurisdictional determination.

### A. The Legal Issue Presented to this Court

The legal issue presented to this Court by the parties is whether the trial court erred by determining that Garrido's Fees Motion was untimely under rule 1.525. "[A]ppellate courts apply a de novo standard of review when the construction of a procedural rule, such as rule 1.525, is at issue." Barco v. Sch. Bd. of Pinellas Cnty., 975 So. 2d 1116, 1121 (Fla. 2008).

"Prior to the adoption of rule 1.525 in 2001, 'Florida case law permitted motions for attorney's fees to be filed within a *reasonable time* of the plaintiff's abandonment of the claim or within a *reasonable time* after final judgment is entered.'" Id. at 1119 (quoting E&A Produce Corp. v. Superior

4

<u>Garlic Int'l, Inc.</u>, 864 So. 2d 449, 451 (Fla. 3d DCA 2003)) (emphasis added).

The Florida Supreme Court, though, adopted rule 1.525 to establish a "bright-line time requirement for motions for costs and attorney fees which the Rules of Civil Procedure had not previously contained." <u>Saia Motor Freight Line, Inc. v. Reid</u>, 930 So. 2d 598, 600 (Fla. 2006). The current version of rule 1.525 reads, in its entirety, as follows:

> Any party seeking a judgment taxing costs, attorneys' fees, or both shall serve a motion no later than 30 days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal, which judgment or notice concludes the action as to that party.

Fla. R. Civ. P. 1.525.

Section 627.428 of the Florida Statutes is the substantive statute that provides an insured with the right to recover prevailing party attorney's fees from an insurer. That statute reads, in relevant part, as follows:

> Upon the rendition of a *judgment* . . . by any of the courts of this state against an insurer and in favor of any named . . . insured . . . under a policy or contract executed by the insurer, the trial court . . . shall adjudge . . . against the insurer and in favor of the insured . . . a reasonable sum as fees or compensation for the insured's . . . attorney prosecuting the suit in which the recovery is had.

§ 627.428(1), Fla. Stat. (2019) (emphasis added).

The plain text of section 627.428 dictates that an insured is entitled to recover attorney's fees from an insurer if the insured obtains a rendered

5

*judgment* against the insurer; whereas, pursuant to the plain text of rule 1.525, the insured's attorney's fees motion is timely if served no later than thirty days after the *judgment's* rendition. In <u>Wollard v. Lloyd's & Cos. of Lloyd's</u>, 439 So. 2d 217 (Fla. 1983), however, the Florida Supreme Court concluded that, despite no judgment in favor of an insured being entered, an insurer's post-suit payment of an insured's claim, by itself, constitutes a "confession of judgment" that entitles the insured to recover attorney's fees under section 627.428:

> [I]t is neither reasonable nor just that an insurer can avoid liability for statutory attorney's fees by the simple expedient of paying the insurance proceeds to the insured . . . at some point after suit is filed but before final judgment is entered, thereby making unnecessary the entry of final judgment . . . . We think [section 627.428] must be construed to authorize the award of an attorney's fee to an insured . . . under a policy or contract of insurance who brings suit against the insurer after loss is payable even though technically no judgment for the loss claimed is thereafter entered favorable to the insured . . . due to the insurer voluntarily paying the loss before such judgment can be rendered. After all, such voluntary payment is the equivalent of a *confession of judgment* against it.

<u>Wollard</u>, 439 So. 2d at 218 (quoting <u>Cincinnati Ins. Co. v. Palmer</u>, 297 So. 2d 96, 99 (Fla. 4th DCA 1974)) (emphasis added). Since <u>Wollard</u>, it is now "well settled that the payment of a previously denied claim following the initiation of an action for recovery, but prior to the issuance of a final judgment, constitutes the functional equivalent of a confession of judgment."

6

Johnson v. Omega Ins. Co., 200 So. 3d 1207, 1215 (Fla. 2016); Pepper's Steel & Alloys, Inc. v. U.S., 850 So. 2d 462, 465 (Fla. 2003) (same); Ivey v. Allstate Ins. Co., 774 So. 2d 679, 684-85 (Fla. 2000) (same).

In this appeal, as below, the parties agree that, under Wollard, SafePoint's payment of Garrido's claim plus statutory interest constituted a judgment within the meaning of section 627.428 – thus, entitling Garrido to statutory attorney's fees. See Do v. GEICO Gen. Ins. Co., 137 So. 3d 1039, 1044 (Fla. 3d DCA 2014) ("[T]he sole fact that the claim was paid, without more, constitutes a settlement or judgment within the meaning of section 627.428."). Resolution of the legal issue presented to this Court – i.e., the timeliness of Garrido's Fees Motion under rule 1.525 – turns on whether SafePoint's subsequent Confession Filing, by itself and without any action by the trial court, should be deemed the functional equivalent of a "judgment [that] concludes the action" within the meaning of rule 1.525, triggering the rule's thirty-day time period for service of a motion seeking attorney's fees. Relying upon Wollard and its progeny, SafePoint argues that its Confession Filing is akin to a "judgment" for the purposes of rule 1.525. We do not read Wollard and its progeny so broadly.

Section 627.428 is a *substantive* statute that prescribes an insured's right to prevailing party attorney's fees against an insurer upon the rendition

7

of a judgment in the insured's favor. As a matter of substantive law, the Wollard line of cases has used the "legal fiction of a 'confession of judgment'" to extend the statute's application to circumstances where an insurer voluntarily pays an insured's claim after an insured has filed suit against the insurer. Basik Exports & Imports, Inc. v. Preferred Nat'l Ins. Co., 911 So. 2d 291, 293 (Fla. 4th DCA 2005). We, however, are uncomfortable grafting this substantive legal concept onto rule 1.525's *procedural*, bright-line time requirements.

As the Florida Supreme Court has explained, albeit in a different context:

> A rule of procedure prescribes the method or order by which a party enforces substantive rights or obtains redress for their invasion. Substantive law creates those rights. Practice and procedure are the machinery of the judicial process as opposed to the product thereof.

Massey v. David, 979 So. 2d 931, 935 (Fla. 2008) (quoting Military Park Fire Control Tax Dist. No. 4 v. DeMarois, 407 So. 2d 1020, 1021 (Fla. 4th DCA 1981)). With this in mind, we conclude that SafePoint's Confession Filing was not sufficiently akin to a "judgment" or "notice of voluntary dismissal" that "concludes an action," triggering rule 1.525's thirty-day time period.

Simply put, a "confession of judgment" in the context of section 627.428 is not the functional equivalent of the "judgment" that opens the

8

thirty-day filing window prescribed in rule 1.525. Rule 1.525's thirty-day time period commences upon the trial court's rendition of a judgment, or service of a notice of voluntary dismissal, that concludes the action as to the party seeking fees. While SafePoint's voluntary payment of Garrido's claim may have triggered Garrido's entitlement to statutory attorney's fees, SafePoint's subsequent unilateral action of filing its Confession Filing did not "conclude the action" so as to trigger rule 1.525's thirty-day time period.[1]

---

[1] We recognize that the purpose of rule 1.525 – to establish a bright-line time requirement for seeking attorney's fees – might be undercut where, as here, neither party moves for entry of a final judgment for many months after the movant's entitlement to attorney's fees has been established. Nevertheless, aside from a notice of voluntary dismissal under Florida Rule of Civil Procedure 1.420(a), we know of no authority – indeed, SafePoint has cited none – whereby a mere filing by a party, without a subsequent order of the trial court, operates as a final adjudication on the merits of a claim. See All. Spine & Joint, III, LLC v. GEICO Gen. Ins. Co., 321 So. 3d 242, 244 (Fla. 4th DCA 2021) (agreeing with the general legal premise that, "upon the filing of [the insurer's] confession of judgment up to the maximum amount of damages alleged in the complaint, the court's authority was limited only to entering the confessed judgment and awarding attorney's fees"); GEICO Cas. Co. v. Barber, 147 So. 3d 109, 111-12 (Fla. 5th DCA 2014) ("[I]t was error for the trial court to require the parties to proceed to trial. Instead, the trial court should have merely entered the confessed judgment in favor of Fridman, reserving jurisdiction to award costs, prejudgment interest, and, if authorized by law, reasonable attorney's fees.") (citation omitted). Moreover, though not the case here, there may be instances where the insured argues that the amount tendered by the insurer was insufficient to satisfy the insured's claim, see id., thus putting the insured's entitlement to statutory attorney's fees in question. Requiring the rule's bright-line time requirement to run from the insurer's filing of a questionable "confession of judgment" in such circumstances would not serve the purpose of the rule.

9

*B. Our Resulting Jurisdictional Determination*

We now address the jurisdictional effect of our determination, *supra*, that SafePoint's Confession Filing did not constitute a judgment as contemplated in rule 1.525. Ironically, Garrido's prevailing on the merits of her appeal results in us having to dismiss her appeal for lack of jurisdiction.

Consistent with SafePoint's Confession Filing, Garrido's Fees Motion sought both (i) entry of a final judgment, and (ii) a determination that Garrido was entitled to section 627.428 attorney's fees. Rather than entering a final judgment in Garrido's favor and striking Garrido's attorney's fees request as untimely – which would have resulted in a final, appealable order[2] – the trial court *both* struck, as untimely, Garrido's request for attorney's fees *and* denied Garrido's request for entry of a final judgment. There being no final judgment entered by the trial court, and in light of our determination that SafePoint's Confession Filing is not a "judgment" as contemplated by rule 1.525, the challenged order is interlocutory, and may therefore be reconsidered by the trial court. See GR Rehab Ctr., Inc. v. GEICO Gen. Ins. Co., 46 Fla. L. Weekly D2618, 2021 WL 5816158, at *1 (Fla. 3d DCA Dec. 8, 2021) (citing Dawkins, Inc. v. Huff, 836 So. 2d 1062, 1065 (Fla. 5th DCA

---

[2] See Yampol v. Turnberry Isle S. Condo. Ass'n, 250 So. 3d 835, 837 (Fla. 3d DCA 2018) ("A post-judgment order *denying* a party's claim for entitlement to attorney's fees . . . is an appealable order.")

10

2003)). Hence, the instant matter is still pending below, and judicial labor remains. Id. (citing Giller v. Giller, 319 So. 3d 690, 691 (Fla. 3d DCA 2021)). "Because the challenged order is neither final nor included in Florida Rule of Appellate Procedure 9.130(a)(3)'s schedule of appealable non-final orders, we lack appellate jurisdiction to review the challenged order." Id. Thus, notwithstanding our reaching the merits of Garrido's appeal of the trial court's July 13, 2020 order, we are compelled to dismiss it.

Appeal dismissed.