DELL, J.
Carmen DeMeo, as personal representative of the estate of David DeMeo, appeals the trial court’s order striking an amended final judgment that joined Evanston Insurance Company (“Evanston”), pursuant to section 627.4136(4), Florida Statutes (1997), as a liability insurance party defendant. We affirm.
Carmen DeMeo filed a complaint against Frenchy’s Worldwide Helmets, Inc. and Frenchy’s Custom Helmets, Inc. (“Frenchy’s”) for the wrongful death of David DeMeo. Initially, Evanston furnished Frenchy’s with a defense and filed an answer to DeMeo’s complaint. Howev *13 er, -while this ease was ongoing, Evanston brought a declaratory judgment action against Frenchy’s. In that action, Judge Leroy Moe found that due to Frenchy’s fraud and misrepresentation, Evanston had no obligation under its insurance policy to pay claims on behalf of Frenchy’s. After entry of the declaratory judgment, Evanston directed its counsel to withdraw from any further defense on behalf of Frenchy’s. The trial court granted the motion to withdraw and gave Frenchy’s thirty days to obtain new counsel. Frenchy’s failed to obtain new counsel and the trial court subsequently granted De-Meo’s motion for entry of a default judgment on the issue of liability. Thereafter, a jury awarded DeMeo $3,365,000.00 in damages.
After entry of the verdict and judgment, DeMeo filed a motion to amend the final judgment, pursuant to section 627.4136(4), Florida Statutes, to join Evanston as a liability insurance party defendant. Ev-anston did not appear at the hearing on DeMeo’s motion. The trial court granted the motion and entered an amended final judgment joining Evanston as a party and making Evanston jointly and severally liable for the judgment. Within ten days of the entry of the amended final judgment, Evanston filed a motion to strike the order and/or motion for rehearing. Evanston argued that because it had denied coverage in its action for declaratory judgment, that section 627.4136(4), Florida Statutes, did not apply. The trial court granted Evanston’s motion and entered an order striking the amended final judgment, citing Tallahassee Memorial Regional Medical Center, Inc. v. Kinsey, 655 So.2d 1191 (Fla. 1st DCA), rev. denied, 662 So.2d 344 (Fla.1995).
DeMeo contends the trial court should not have considered the motion for rehearing because Evanston did not comply with the requirements of Florida Rules of Civil Procedure 1.540(b), by showing excusable neglect for its failure to attend the hearing on the motion to amend the final judgment. We find this argument unpersuasive because Evanston’s motion for rehearing meets all of the procedural requirements of rule 1.530(a). Therefore, the trial court properly considered Evans-ton’s motion to strike the amended final judgment.
DeMeo also contends that because she was not a party in Evanston’s declaratory judgment action, she is not bound by Judge Moe’s order. In support of this argument, DeMeo cites Independent Fire Insurance Co. v. Paulekas, 633 So.2d 1111 (Fla. 3d DCA 1994), and Allstate Insurance Co. v. Conde, 595 So.2d 1005 (Fla. 5th DCA 1992). These cases hold that the doctrine of res judicata does not allow a declaratory judgment obtained by an insurer against its insured.to be binding on a third-party claimant who was not a party to the declaratory judgment action. Independent Fire, 633 So.2d at 1113; Allstate, 595 So.2d at 1008. However, neither of these cases addresses joinder of an insurance company as a party defendant or the application of section 627.4136(4), Florida Statutes, which provides:
At the time a judgment is entered or a settlement is reached during the pen-dency of litigation, a liability insurer may be joined as a party defendant for the purposes of entering final judgment or enforcing the settlement by the motion of any party, unless the insurer denied coverage under the provisions of s. 627.426(2) or defended under a reservation of rights pursuant to s. 627.426(2).
The statute expressly excludes joinder of an insurer as a party defendant when the insurer denied coverage pursuant to section 627.426(2). § 627.4136(4), Fla. Stat. See Markert v. Johnston, 367 So.2d 1003, 1006 (Fla.1978). DeMeo did not raise the issue of lack of compliance with section 627.426(2), Florida Statutes, before the trial court, nor did she argue that there was a lack of evidence regarding compliance with the statute. She cannot raise these issues for the first time on appeal. See *14 Dance v. Tatum, 629 So.2d 127, 129 (Fla. 1993). Evanston’s obligation to defend Frenchy’s was resolved as between Frenchy’s and Evanston in the declaratory judgment action before Judge Moe. Therefore, Evanston could not be joined pursuant to section 627.4136(4).
Accordingly, we affirm the trial court’s order striking Evanston from the amended final judgment. However, except as to claims pursuant to section 627.4136(4), Florida Statutes, neither this opinion nor the trial court’s order striking the amended final judgment should be construed as res judicata with respect to any other claims that DeMeo may have against Ev-anston.
AFFIRMED.
STEVENSON, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.