WARNER, J.
State Farm petitions for writ of certiorari to quash two orders of the trial court, one of which denied a motion to abate a cause of action for violation of section 624.155(1), Florida Statutes, for failing to settle a claim in good faith on uninsured motorist coverage, and the other of which compelled State Farm to respond to requests for admissions regarding its claims handling procedures and business practices. The cause of action for bad faith was one of multiple claims, including ones for determination of liability and the amount of damages sustained as a result of *810 two automobile accidents suffered by State Farm’s insured Neil Tranchese and his wife, Patricia Tranchese.[1] We grant the petition as to the abatement, because the final determination of coverage and damages for the underlying claim has not been made, which must precede a statutory bad faith action. See Progressive Select Ins. Co. v. Shockley, 951 So.2d 20 (Fla. 4th DCA 2007). Where causes of action for both the underlying damages and bad faith are brought in the same action, the appropriate step is to abate the bad faith action until coverage and damages have been determined. See Allstate Indem. Co. v. Ruiz, 899 So.2d 1121 (Fla.2005). As to the requests for admissions regarding business practices and claims policy procedures, we grant the petition, holding that until the obligation to provide coverage and damages has been determined, a party is not entitled to discovery related to the claims filed or to the insurer’s business policies or practices regarding handling of claims. See State Farm Mut. Auto. Ins. Co. v. O’Hearn, 975 So.2d 633 (Fla. 2d DCA 2008).
GROSS, C.J., and GERBER, J., concur.

. State Farm paid the amount it claims was Neil Tranchese’s UM coverage. Although Mr. Tranchese maintains that he is not making a claim for his own injuries, that is contradicted by the allegations of the count in which he claims that his damages exceeded what State Farm claimed was its UM limits. Tranchese claims that his UM limits were unlimited and contends that State Farm misrepresented the policy to him. Without knowing the extent of his damages or the coverage, one could not determine whether State Farm breached any duty with respect to the settling of his claim.