POLEN, J.
Appellant, Landmark American Insurance Company (“Landmark”), appeals a non-final trial court order in which the trial court granted Landmark’s motion to dismiss as to four of six counts of Studio Imports, Ltd., Inc.’s (“Studio”) complaint, but denied Landmark’s motion as to the remaining two, leaving only a breach of contract claim and a bad faith claim to be tried simultaneously. We hold that Landmark should not have to defend against a bad faith claim at the same time as the underlying issue without the appellee first prevailing on the merits. Accordingly, we reverse this matter so the trial court can determine whether the bad faith claim should be abated or dismissed without prejudice.
Landmark and Studio entered into a contract for Landmark to provide insurance coverage to Studio for commercial property, personal property, and business income. In October 2005, Hurricane Wilma caused extensive damage to Studio’s property, which, coincidentally, also resulted in a loss of business income. Studio claimed that Landmark “took an exceedingly and unjustifiably long time to” reimburse Studio for those losses which caused *964 additional damages, such as “loss of goodwill, a damaged reputation with existing and potential customers, ruined business relationships, and ruined banking relationships.” Studio filed a six count complaint, alleging that Landmark breached obligations to Studio under a contract between the parties. Specifically, count II alleged statutory bad faith and unfair claim practices.
Landmark filed a motion to dismiss all six counts of the complaint. A hearing on the motion to dismiss was held. The trial court granted Landmark’s motion to dismiss for all counts except breach of contract and bad faith under section 624.155, Florida Statutes, thus allowing Studio to prosecute both claims simultaneously. Landmark then filed this appeal, asking this court to exercise jurisdiction, issue a writ of certiorari, and quash the written order denying the dismissal of the count for statutory bad faith.
“The standard of review of a trial court’s denial of a motion to dismiss is de novo.” Simpson v. State, 38 So.3d 776, 778 (Fla. 4th DCA 2010).
This court held in State Farm Mutual Automobile Insurance Co. v. Tranchese, 49 So.3d 809 (Fla. 4th DCA 2010), that writ of certiorari is properly granted to abate the cause of action for violation of section 624.155, Florida Statutes,[1] until underlying claim determinations are made. Id. at 809-10. “Where causes of action for both the underlying damages and bad faith are brought in the same action, the appropriate step is to abate the bad faith action until coverage and damages have been determined.” Id. at 810. Additionally, the Supreme Court of Florida held in Blanchard v. State Farm Mutual Automobile Insurance Co., 575 So.2d 1289 (Fla.1991), that “an insured’s underlying first-party action for insurance benefits against the insurer necessarily must be resolved favorably to the insured before the cause of action for bad faith in settlement negotiations can accrue.” Id. at 1291. If a determination regarding liability is not made, a cause of action for bad faith can never ripen. See id.
The First District Court of Appeal applied Blanchard in Vanguard Fire & Casualty Co. v. Golmon, 955 So.2d 591 (Fla. 1st DCA 2006), and determined that cer-tiorari review is properly granted when the trial court departs from essential requirements of law, such as allowing a party “to proceed on [a] statutory bad faith elaim[ ] before the extent of coverage was determined in [a] breach of contract claim.” Id. at 593. The First District quashed the order under review, which would have forced Vanguard to simultaneously “defend against both the breach of contract and bad faith claims.” Id. at 594. Further, the First District provided “that the trial court has authority to abate the statutory claims, rather than to dismiss them, if it appears to the court that abatement would be in the interest of judicial economy.” Id. at 595.
Therefore, we reverse the trial court order, which would require Landmark to defend against both a breach of contract claim and a bad faith claim simultaneously, as the underlying issue must be determined prior to a bad faith claim. The trial court can decide to either dismiss the bad faith claim without prejudice or abate the *965 claim until the underlying breach of contract issue is resolved.

Reversed and Remanded.

GROSS and CONNER, JJ., concur.

. Section 624.155(l)(b), Florida Statutes, allows a civil action to be brought against an insurer when the insurer does not attempt "in good faith to settle claims [and] it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests.” § 624.155(l)(b)(l), Fla. Stat. (2011).