PER CURIAM.
In this certiorari proceeding, United Property and Casualty Insurance Compa *647 ny (United) seeks review of a non-final order which denied its motion to dismiss count II of the insured plaintiffs amended complaint, a claim for breach of a common law implied covenant of good faith and fair dealing. We grant the petition.
United argued (1) count II failed to state a cause of action because there is no common law duty to act in good faith regarding first-party insurance claims, only a statutory remedy created by section 624.155, Florida Statutes, and the insured should not be allowed to circumvent the statutory requirements of a bad-faith action by calling it a breach of the implied covenant of good faith and fair dealing; and (2) even if the court were to allow the common law action, count II still should be dismissed without prejudice pending resolution of the underlying coverage issue because the statutory claim accrues only after the insured proves liability and the extent of damages in the underlying breach of contract claim, see, e.g., Blanchard v. State Farm Mut. Auto. Ins. Co., 575 So.2d 1289, 1291 (Fla.1991); State Farm Mut. Auto. Ins. Co. v. Tranchese, 49 So.3d 809, 810 (Fla. 4th DCA 2010).
When it denied United’s motion, the trial court did not have the benefit of QBE Insurance Corp. v. Chalfonte Condominium Apartment Ass’n, 94 So.3d 541 (Fla.2012), in which the Florida Supreme Court answered several questions certified to it by the federal Eleventh Circuit on questions of Florida law[1] in connection with a similar case.
The first two certified questions were the following:
1. Does Florida law recognize a claim for breach of the implied warranty of good faith and fair dealing by an insured against its insurer based on the insurer’s failure to investigate and assess the insured’s claim within a reasonable period of time?
2. If Florida law recognizes a claim for breach of the implied warranty of good faith and fair dealing based on an insurer’s failure to investigate and assess its insured’s claim within a reasonable period of time, is the good faith and fair dealing claim subject to the same bifurcation requirement applicable to a bad faith claim under Fla. Stat. § 624.155?
94 So.3d at 545. The Florida Supreme Court answered the first question in the negative; after reviewing case law and legislative history, it declared, “it is clear that there is no common law first-party bad-faith action in Florida,” id. at 547, and concluded that “such first-party claims are actually statutory bad-faith claims that must be brought under section 624.155 of the Florida Statutes.” Id. at 549. That rendered the second question moot. Id.
The supreme court’s conclusions are in accordance with United’s arguments below and to this court. Accordingly, we quash the order on review and direct the trial court, on return of the case, to reconsider United’s motion in light of QBE Insurance Corp. v. Chalfonte Condominium Apartment Ass’n, 94 So.3d 541 (Fla.2012).

Petition Granted.

WARNER, STEVENSON and GROSS, JJ., concur.

. See Art. V, § 3(b)(6), Fla. Const.; Fla. R.App. P. 9.030(a)(2)(C) & 9.150.