GROSS, J.
GEICO General Insurance Company (GEICO) petitions for a writ of certiorari from a trial court order that denied its motion to dismiss defendant’s post-verdict erossclaim against it. GEICO argues that the trial court departed from the essential requirements of law by denying its motion to dismiss the defendant’s third party insurance bad faith action. We conclude that an insurance bad faith claim must be raised in a separate cause of action and cannot be brought in an underlying tort action. The denial of the motion to dismiss has the practical effect of preventing GEICO from removing this action to federal court based on diversity jurisdiction. We therefore grant the petition.
In the underlying action, the decedent’s estate sued the defendant, respondent James Harvey, for negligence arising out of an August 2006 automobile accident where the defendant’s vehicle collided with the deceased’s motorcycle at an intersection. GEICO insured defendant Harvey pursuant to an automobile liability policy. On December 2010, the estate obtained a jury verdict against Harvey and was awarded $8 million in damages, substantially exceeding the $100,000 policy limit.
On April 2011, pursuant to section 627.4136(4), Florida Statutes (2006), the estate was permitted to add GEICO as a defendant. Soon thereafter, Harvey, the liable defendant, filed a erossclaim against GEICO, raising a new cause of action for insurance bad faith. The crossclaim alleged that GEICO failed to settle the plaintiffs claim when it should have and that GEICO’s failure to notify him that the plaintiff wanted to take a presuit statement led to the plaintiffs lawsuit. GEICO attempted to remove the bad faith action to federal court, but the notice of removal was found to be untimely, and the case was remanded to the state circuit court. See Potts v. Harvey, No. 11-80495-CIV, 2011 WL 4637132 (S.D.Fla.2011).
GEICO then moved to dismiss or sever the bad faith crossclaim by arguing that the claim was not part of the same transaction or occurrence as the wrongful death action. The trial court denied the motion, and this petition timely follows.
Generally, a non-final order denying a motion to dismiss is not subject to interlocutory review through a petition for *238 writ of certiorari. See Williams v. Oken, 62 So.3d 1129, 1134 (Fla.2011); Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1099 (Fla.1987)).
In this case, however, the denial of the motion to dismiss has defeated GEI-CO’s right to have the action removed to federal court. The loss of this statutory right of removal is among the narrow class of matters subject to certiorari review. See Sunrise Mills (MLP) Ltd. P’ship v. Adams, 688 So.2d 464, 465 (Fla. 4th DCA 1997).
GEICO was added as a defendant pursuant to the “[n]onjoinder of insurers” statute, which provides as follows:
(1) It shall be a condition precedent to the accrual or maintenance of a cause of action against a liability insurer by a person not an insured under the terms of the liability insurance contract that such person shall first obtain a settlement or verdict against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.
§ 627.4136(1), Fla. Stat. (2006). The non-joinder statute prevents a third party from pursuing a direct action against an insurer for a cause of action covered by liability insurance unless the third party has first obtained a settlement or jury verdict against the insured. “The legislative intent behind the statute is to ensure that the availability of insurance has no influence on the jury’s determination of the insured’s liability and damages.” Gen. Star Indem. Co. v. Boran Craig Barber Engel Constr. Co., 895 So.2d 1136, 1138 (Fla. 2d DCA 2005); see also Merchants & Businessmen’s Mut. Ins. Co. v. Bennis, 636 So.2d 593, 594 (Fla. 4th DCA 1994) (“Public policy against disclosure of insurance coverage to the jury underlies the non-joinder statute.”).
Once a settlement or verdict has been obtained against the insured, subsection (4) of the statute permits joinder of the insurer solely “for the purposes of entering final judgment or enforcing the settlement.” § 627.4136(4), Fla. Stat. (2006). The subsection provides,
At the time a judgment is entered or a settlement is reached during the pen-dency of litigation, a liability insurer may be joined as a party defendant for the purposes of entering final judgment or enforcing the settlement by the motion of any party, unless the insurer denied coverage under the provisions of s. 627.426(2) or defended under a reservation of rights pursuant to s. 627.426(2).
Id. “The statute expressly excludes joinder of an insurer as a party defendant when the insurer [has] denied coverage.... ” De-Meo v. Frenchy’s Worldwide Helmets, Inc., 732 So.2d 12, 13 (Fla. 4th DCA 1999).
In this case, the nonjoinder statute permitted GEICO to be joined as a party solely for the purpose of entering final judgment against it. This provision in the nonjoinder statute streamlines the injured party’s ability to obtain a judgment against the insurer for covered losses without the plaintiff having to file a separate cause of action. See Hazen v. Allstate Ins. Co., 952 So.2d 531, 535-36 (Fla. 2d DCA 2007) (discussing the history of the nonjoinder statute and this provision). The provision in the nonjoinder statute was not intended to allow a party to inject an insurance bad faith claim into the tort action.
The insurance bad faith cross-claim is not authorized in this tort action. Florida Rule of Civil Procedure 1.170(g) provides as follows:
A pleading may state as a crossclaim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter of *239 either the original action or a counterclaim therein, or relating to any property that is the subject matter of the original action.
(Emphasis added). The wrongful death action in this case sounds in tort and arose from the August 2006 automobile accident. By contrast, defendant’s third party bad faith[1] crossclaim against his insurer arises from the insurer’s alleged breach of its duty to act in good faith in handling the estate’s claim against the defendant. We conclude that these causes of actions accrued at different times and do not arise out of the same transaction or occurrence for purposes of rule 1.170(g).
Our conclusion is buttressed by ease law and policy considerations. A cause of action for an insurer’s bad faith failure to settle a third party claim may not be maintained until a judgment in excess of the policy limits has been entered against the insured. See Cunningham v. Standard Guar. Ins. Co., 630 So.2d 179, 181 (Fla.1994). Thus, the bad faith claim could not have been maintained and did not arise out of the August 2006 accident that is the subject of the tort claim.
An insurance bad faith action does not accrue until the issue of coverage under the policy has been determined. See Blanchard v. State Farm Mut. Auto. Ins. Co., 575 So.2d 1289, 1291 (Fla.1991); Vest v. Travelers Ins. Co., 753 So.2d 1270, 1276 (Fla.2000) (clarifying Blanchard and continuing to hold that a bad faith claim is premature and should be dismissed where the issues of liability and the extent of coverage under the policy are unresolved); Progressive Select Ins. Co. v. Shockley, 951 So.2d 20 (Fla. 4th DCA 2007) (granting certiorari from an order denying a motion to dismiss a first party bad faith claim and granting relief because the issue of damages had not yet been determined in the coverage action). Thus, the bad faith cause of action did not accrue until well after the tort cause of action and did not arise from the same occurrence.
In State Farm Mutual Automobile Insurance Co. v. Tranchese, 49 So.3d 809, 810 (Fla. 4th DCA 2010), this court held that “[wjhere causes of action for both the underlying damages and bad faith are brought in the same action, the appropriate step is to abate the bad faith action until coverage and damages have been determined.” Tranche se, like many of the published decisions in this area of the law, pertained to a first party bad faith claim arising from an action for uninsured motorist coverage. As such, Tranchese recognizes that, when it is in the interest of judicial economy, a trial court has discretion to abate a bad faith claim that is brought in a coverage action; however, the trial court also has discretion to dismiss the claim without prejudice. Landmark Am. Ins. Co. v. Studio Imports, Ltd., Inc., 76 So.3d 963, 964 (Fla. 4th DCA 2011) (citing Vanguard Fire & Cas. Co. v. Golmon, 955 So.2d 591 (Fla. 1st DCA 2006)).
Unlike Tranchese, this case does not involve a first party bad faith claim. Here, the insured defendant has attempt *240 ed to raise a third party bad faith claim as a crossclaim in the tort case. The Florida Supreme Court has repeatedly recognized that a “ ‘claim arising from bad faith is grounded upon the legal duty to act in good faith, and is thus separate and independent of the claim arising from the contractual obligation to perform.’ ” Dadeland Depot, Inc. v. St. Paul Fire & Marine Ins. Co., 945 So.2d 1216, 1285 (Fla.2006) (quoting Blanchard, 575 So.2d at 1291). Similarly, a defendant’s bad faith claim against his insurer is distinct, separate and independent from the plaintiffs tort claim against the defendant.
In State ex rel. American Home Insurance Co. v. Seay, 355 So.2d 822, 823 (Fla. 4th DCA 1978), an insured was permitted to file a post-verdict bad faith crossclaim in the underlying tort action. This court refused to withdraw a previously issued writ of prohibition and held that the trial court lacked jurisdiction to proceed with the bad faith crossclaim while the tort judgment was on appeal. Id. at 824. In a footnote, this court noted, however, that “we do not determine here that a cross claim is authorized in the present posture of this case.” Id. at 823 n. 2. We now decide this issue and determine that a bad faith cross-claim is not authorized in this posture.
Accordingly, the trial court departed from the essential requirements of law by denying the insurer’s motion to dismiss. A third party bad faith claim against an insurer for failure to settle may not be brought in the underlying tort action but must be raised in a separate cause of action. We grant the petition and quash the order denying the motion to dismiss.

Petition for writ of certiorari is granted.

TAYLOR and LEVINE, JJ., concur.

. Although the claim is brought by the insured against his insurer, the claim is known as a "third party” bad faith action because the claim is based on the insurer’s alleged bad faith in handling the third party’s claim against the insured. See Allstate Indem. Co. v. Ruiz, 899 So.2d 1121, 1125-26 (Fla.2005). A third party bad faith claim, which can also be brought directly by a third party standing in the shoes of the insured, should be distinguished from a first party bad faith claim which is brought by the insured based on bad faith in handling a claim that does not involve a third party. See generally Macola v. Gov’t Emps. Ins. Co., 953 So.2d 451, 455-56 (Fla.2006) (discussing the history of third party and first party bad faith actions).