PER CURIAM.
Respondent Tapan Banerjee commenced an automobile negligence lawsuit on December 19, 2006, against several defendants, including A & B Engineering, Inc. In February 2008, A & B applied for a professional liability insurance policy with Beazley Insurance Company, Inc.; Beaz-ley, in turn, issued a policy at the end of February, with a one-year policy period of March 4, 2008 through March 4, 2009. In April 2008, A & B provided Beazley with copies of the summons and complaint in the Banerjee action and the insurance *1185 company commenced a defense, subject to a reservation of rights. On July 22, 2008, Beazley denied coverage.
In 2012, Banerjee sought leave to add Beazley as a party defendant on a declaratory judgment claim. On July 16, 2012, the trial court granted Banerjee’s motion, thereby adding a declaratory judgment claim to the 2006 action. Beazley responded with a motion to dismiss, claiming that the declaratory judgment claim was in violation of section 627.4136(1), Florida Statutes (2012).
In September 2012, Banerjee and A & B entered into a settlement agreement providing for the entry of a final judgment against A & B for $2.75 million. That same month, Beazley removed the case to federal court, but the federal court remanded the action to state court because removal was untimely, apparently using the date that the lawsuit was filed in 2006 rather than July 16, 2012, the date Beazley became a party to it. On February 6, 2013, the circuit court denied Beazley’s motion to dismiss.
Certiorari relief may be appropriate when the effect of a court’s ruling is to defeat a litigant’s ability to remove an action to federal court. See GEICO Gen. Ins. Co. v. Harvey, 109 So.3d 236, 238 (Fla. 4th DCA 2013). In this case, there was a departure from the essential requirements of law for two reasons. First, at the time Beazley was added as a defendant to the lawsuit in July 2012, joinder was barred by section 627.4136(1), because Banerjee had not obtained a “settlement or verdict” against A & B, the insured. Second, an exception to the rule allowing joinder after “a judgment is entered or a settlement is reached” occurs where “the insurer denied coverage under the provisions of s. 627.426(2) or defended under a reservation of rights pursuant to s. 627.426(2).” § 627.4136(4), Fla. Stat. (2012). A separate action must be commenced against Beazley to litigate the issue of coverage. See DeMeo v. Frenchy’s Worldwide Helmets, Inc., 732 So.2d 12, 13-14 (Fla. 4th DCA 1999).

We therefore grant the petition for writ of certiorari, quash the order denying dismissal, and remand to the circuit court.

DAMOORGIAN, C.J., GROSS and LEVINE, JJ., concur.