DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**SAFECO INSURANCE COMPANY OF ILLINOIS,**
Petitioner,

v.

**CHRISTINE A. BEARE,**
Respondent.

No. 4D13-3104

[September 17, 2014]

Petition for writ of certiorari to the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Cynthia L. Cox, Judge; L.T. Case No. 312011CA001594XXXXXX.

Mark S. Shapiro, James A. Bombulie and Ross E. Linzer of Akerman Senterfitt, Miami, for petitioner.

Philip M. Burlington and Adam J. Richardson of Burlington & Rockenbach, P.A., West Palm Beach, and David M. Alpizar of Alpizar Law, LLC, Palm Bay, for respondent.

WARNER, J.

Petitioner, Safeco Insurance Company, challenges the trial court's order abating plaintiff's claim against it for bad faith refusal to settle the plaintiff's uninsured/underinsured motorist ("UM") claim, rather than dismissing the claim in favor of a separate suit. Petitioner contends that the abatement precludes it from removing the case to federal court. Although we have held, in a third party bad faith case, that an order which prevented removal of a case to federal court constituted irreparable harm and departed from the essential requirements of law, in this case we conclude that, even though petitioner may not be able to remove its case, the trial court did not depart from the essential requirements of law.

In 2011, Christine Beare sued third party tortfeasors as a result of an automobile accident. The parties agreed to a settlement in October 2012. Thereafter, Beare was granted leave to amend her complaint to add her insurance carrier, Safeco. She added claims for UM benefits under her

policy and for bad faith refusal to settle her claim. Safeco was served in January 2013. It answered the UM claim and moved to dismiss the bad faith claim as premature. Instead, at the urging of Beare, the court abated the bad faith count.

In its petition, Safeco claims that it has been irreparably harmed by the denial of its motion to dismiss the bad faith claim. Because the claim was an amendment to the original negligence suit, which was filed more than one year prior to Safeco's joinder, Safeco claims that this prevents it from removing the claim to federal court. In the Southern District of Florida, the federal courts have taken that position. *See, e.g., Potts v. Harvey*, 2011 WL 4637132, at *1 (S.D. Fla. Oct. 6, 2011); *Moultrop v. GEICO Gen. Ins. Co.*, 858 F. Supp. 2d 1342, 1346-47 (S.D. Fla. 2012); *Van Niekerk v. Allstate Ins. Co.*, 2013 WL 253693, at *2 (S.D. Fla. Jan. 23, 2013); *Hoggins v. Mid-Continent Cas. Co.*, 2013 WL 394882, at *2-4 (S.D. Fla. Jan. 31, 2013).[1] Therefore, Safeco claims it will suffer irreparable injury by being compelled to litigate its bad faith claim in state court and losing its right of removal to federal court if the bad faith claim is not severed and dismissed from this suit. It claims that the court departed from the essential requirements of law because *Vest v. Travelers Insurance Co.*, 753 So. 2d 1270, 1276 (Fla. 2000), holds that a first party bad faith claim filed prior to determination of liability and damages under the contract between the insurer and insured is not ripe and should be dismissed as premature.

In *Williams v. Oken*, 62 So. 3d 1129 (Fla. 2011), the court reiterated the requirements to obtain certiorari relief:

> Before a court may grant certiorari relief from the denial of a motion to dismiss, the petitioner must establish the following three elements: " '(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case[,] (3) that cannot be corrected on postjudgment appeal.' " *Reeves v. Fleetwood Homes of Fla., Inc.*, 889 So. 2d 812, 822 (Fla. 2004) (quoting *Bd. of Regents v. Snyder*, 826 So. 2d 382, 387 (Fla. 2d DCA 2002)). In other words, certiorari relief is available when a lower court has

---

[1] In the Middle District of Florida, however, some courts have allowed removal in these same circumstances. *See, e.g., Lahey v. State Farm Mut. Auto. Ins. Co.*, 2007 WL 2029334, at *2 (M.D. Fla. July 11, 2007); *Love v. Prop. & Cas. Ins. Co. of Hartford*, 2010 WL 2836172, at *2-3 (M.D. Fla. July 16, 2010). There is no Eleventh Circuit opinion reconciling these differing views.

> departed from the essential requirements of the law or when a lower court has acted in excess of its jurisdiction, and no appeal or direct method of reviewing the proceeding exists. *See Haines*, 658 So. 2d at 527. The last two elements are jurisdictional and must be analyzed before the court may even consider the first element. *See id.*; *Parkway Bank v. Fort Myers Armature Works, Inc.*, 658 So. 2d 646, 648–49 (Fla. 2d DCA 1995).

*Id.* at 1132.

We have held several times that the loss of the right to remove a case to federal court constitutes a material irreparable injury. *See Beazley Ins. Co. v. Banerjee*, 123 So. 3d 1184, 1185 (Fla. 4th DCA 2013); *GEICO Gen. Ins. Co. v. Harvey*, 109 So. 3d 236, 238 (Fla. 4th DCA 2013); *Sunrise Mills (MLP) Ltd. P'ship v. Adams*, 688 So. 2d 464, 465 (Fla. 4th DCA 1997). In nearly identical circumstances to those present in this case, the First District disagreed with *Harvey* and held that if the trial court improperly denied a motion to dismiss a bad faith claim, it could be remedied on appeal, thus precluding certiorari jurisdiction. *See Safeco Ins. Co. of Illinois v. Rader*, 132 So. 3d 941, 946 (Fla. 1st DCA 2014). And the Fifth District has held that certiorari is not available to preserve a litigant's right to remove a case to federal court. *Cont'l Baking Co. v. Vincent*, 634 So. 2d 242, 244 (Fla. 5th DCA 1994). For the purposes of this opinion, we follow *Bannerjee*, *Harvey*, and *Sunrise Mills* and conclude that the inability to remove the action to federal court constitutes irreparable harm, thus establishing our jurisdiction to consider certiorari relief.

We deny relief, however, because Safeco has not shown that the trial court departed from the essential requirements of law. In *State Farm Mutual Automobile Insurance Co. v. Tranchese*, 49 So. 3d 809, 810 (Fla. 4th DCA 2010), we held that where a first party bad faith action is joined with a claim for UM benefits, the appropriate relief is to abate the bad faith action until liability and damages under the policy have been established. *Harvey* is in accord, as it distinguished *Tranchese* on the grounds that it involved a first party bad faith claim, rather than a third party bad faith claim. *Harvey*, 109 So. 3d at 239-40. We also allowed the trial court to *either* dismiss or abate a bad faith action until the underlying breach of contract action was determined in *Landmark American Insurance Co. v. Studio Imports, Ltd.*, 76 So. 3d 963, 964 (Fla. 4th DCA 2011).

Safeco maintains, however, that the Florida Supreme Court's holding in *Vest* compels dismissal of the bad faith action, rather than abatement. *Vest* did state that where a bad faith claim is prematurely filed, it should be

dismissed. 753 So. 2d at 1276. However, in that case the trial court had granted summary judgment on the bad faith claim, and the court was commenting that a premature claim was not subject to summary judgment but rather should be dismissed as premature. *Id.* The issue was therefore the choice between summary judgment and dismissal, not between abatement and dismissal. Later, in *Allstate Indemnity Co. v. Ruiz,* 899 So. 2d 1121, 1130 (Fla. 2005), where the court considered what discovery would be allowed in bad faith actions, the supreme court suggested the use of abatement as a tool where coverage and bad faith actions were filed together. Thus, it is not clear that *Vest* provides the only method of handling a premature bad faith claim.

Because the case law supports the trial court's abatement of the bad faith action in lieu of dismissal, we cannot conclude that the trial court departed from the essential requirements of law. *Vest* does not appear to foreclose abatement. If we are wrong in our interpretation of *Vest,* then Safeco can seek to invoke the discretionary jurisdiction of the supreme court to clarify the matter.

*Petition denied.*

STEVENSON and GROSS, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***