NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


NORTH AMERICAN CAPACITY )
INSURANCE COMPANY, )
 )
  Appellant, )
 )
v. ) Case No. 2D14-3161
 )
C.H., individually and as Mother and )
Natural Guardian of S.C., a minor; JOHN C. )
DENT, as Personal Representative of the )
Estate of Dialyn Rae; and ANDREW RAE, )
III, an individual, )
 )
  Appellees. )
_____)

Opinion filed August 7, 2015.

Appeal from the Circuit Court for Manatee
County; Janette Dunnigan, Judge.

John R. Catizone and Dustin C. Blumenthal
of Litchfield Cavo LLP, Fort Lauderdale, for
Appellant.

Tracy Raffles Gunn of Gunn Appellate
Practice, P.A., Tampa, for Appellees C.H.,
individually and as Mother and Natural
Guardian of S.C., a minor.

Fred Cunningham and Gregory M. Yaffa of
Slawson Cunningham Whalen & Gaspari,
Palm Beach Gardens; and Andrew A.
Harris of Burlington & Rockenbach, P.A.,
West Palm Beach, for Appellees John C.

Dent, as Personal Representative of the
Estate of Dialyn Rae; and Andrew Rae, III,
an individual.


MORRIS, Judge.

North American Capacity Insurance Co. (NAC) appeals a judgment entered on June 13, 2014, in consolidated lawsuits arising from an incident of child abuse suffered by S.C. at a daycare operated by the Raes, who are insured by NAC. We affirm for the reasons explained below.

In 2010, C.H.—individually and on behalf of her daughter, S.C.—sued Dialyn Rae and Andrew Rae, III, in circuit court, claiming that the Raes' son had sexually abused S.C. while she was in the care of the Raes' daycare. Even though the Raes[1] had earlier filed a claim with their insurer, NAC, and NAC had denied the claim, NAC provided a defense to the Raes under a reservation of rights. In December 2012, a jury returned a verdict for C.H. in the amount of $6,255,340.

NAC then filed a declaratory action in federal court "seeking a declaration that (1) there is no coverage under the [Raes'] policy and NAC therefore has no duty to indemnify the Raes for the judgment[] and (2) NAC did not commit bad faith in handling the Raes' underlying claim and defense." North Am. Capacity Ins. Co. v. C.H., No. 8:12-cv-02860-T-27AEP, 2013 WL 5305708, at *1 (M.D. Fla. Sept. 20, 2013). In state court, the Raes had filed a separate lawsuit against NAC and C.H. "seeking a declaration that the NAC policy provided coverage" and further asserting a claim for bad faith against NAC. Id. NAC removed the Raes' lawsuit to federal court, and it was

_____

[1]During the underlying litigation, Dialyn Rae passed away and John C. Dent, the personal representative of her estate, was substituted as a defendant in the case. To avoid confusion, we continue to refer to the insured defendants as the Raes.

consolidated with NAC's federal lawsuit. The district court dismissed NAC's bad faith count concluding that there was no actual controversy because it "remained contingent on the state court entering a final judgment and the parties resolving the coverage issue." Id. at *3. The district court also dismissed the coverage count because the amount in controversy did not meet the threshold for diversity jurisdiction. Id. The consolidated lawsuits were remanded back to state court.

On November 8, 2013, the circuit court entered an order permitting C.H. to file an amended complaint adding NAC as a defendant and alleging counts against NAC for bad faith and for policy limits coverage ($50,000). NAC objected on the basis that a third-party bad faith claim should not be brought in to an underlying tort action against the insured. The November 8, 2013, order also consolidated C.H.'s case with the cases filed by NAC and the Raes, which had been removed to federal court but remanded back to state court. NAC answered the coverage count but moved to dismiss the bad faith count on the basis that it was premature. On January 31, 2014, the circuit court denied NAC's motion to dismiss the bad faith count but abated the count until the issue of coverage was resolved. The parties filed motions for summary judgment on the issue of coverage, and on June 13, 2014, the circuit court entered a judgment determining that NAC had a duty to pay C.H. the policy limit of $50,000. In the judgment, the circuit court reserved jurisdiction to rule on any remaining issues between the parties as raised by the pleadings. NAC now appeals the June 13, 2014, judgment determining coverage.

NAC argues that the circuit court erred in allowing C.H. to join NAC as a defendant because even though section 627.4136, Florida Statutes (2013)—the

nonjoinder statute—permits an insurer to be added as a defendant, that statute was "not intended to allow a party to inject an insurance bad faith claim into the tort action."  NAC claims that when a court improperly allows a tort plaintiff to add a bad faith defendant more than one year after the underlying tort action was filed, it deprives the bad faith defendant of the right it would otherwise have to remove the case to federal court.  See 28 U.S.C.A. § 1446(c) (providing that diversity case may not be removed more than one year after commencement of the action); Safeco Ins. Co. of Illinois v. Beare, 152 So. 3d 614, 617 (Fla. 4th DCA 2014) (noting that some federal courts have taken the position that a case may not be removed on the basis of a newly added bad faith claim when that claim was added more than a year after the original complaint was filed).

We do not reach NAC's argument in this appeal.  It is generally true that a final ruling on coverage is appealable when a bad faith claim remains pending between the parties, with the rationale being that the coverage issue should be completely resolved before the bad faith claim proceeds.  See Michigan Millers Mut. Ins. Co. v. Bourke, 581 So. 2d 1368, 1369-70 (Fla. 2d DCA 1991) (quashing order lifting abatement of bad faith claim "[w]hile the appeal of the summary judgment as to the coverage issue was pending"); United Auto. Ins. Co. v. Tienna, 780 So. 2d 1010, 1011 n.4 (Fla. 4th DCA 2001) (noting that "cases involving a contractual claim for insurance coverage and an attendant bad faith claim" are an exception to the general rule that "partial final judgments are premature and erroneous"); see also Blanchard v. State Farm Mut. Auto. Ins. Co., 575 So. 2d 1289, 1291 (Fla. 1991) (holding that an "action for insurance benefits against the insurer necessarily must be resolved favorably to the insured before the cause of action for bad faith . . . can accrue").  But in this appeal,

- 4 -

NAC does not challenge the coverage issue determined in the June 2014 judgment it is appealing.[2] NAC is simply appealing the final judgment on the coverage issue in an attempt to reach back to the rulings on the bad faith claim that were made months earlier in the January 2014 and November 2013 orders.

The June 2014 judgment is a partial final judgment appealable under Florida Rule of Appellate Procedure 9.110(k),[3] and rule 9.110(h) provides that "[t]he [appellate] court may review any ruling or matter occurring before filing of the notice." But "an appeal from a final order calls up for review *all necessary interlocutory steps leading to that final order*, whether they were separately appealable or not." Saul v. Basse, 399 So. 2d 130, 133 (Fla. 2d DCA 1981) (emphasis added). The rulings on the bad faith claim were not necessary interlocutory steps leading to the judgment on coverage. Indeed, allowing review in this coverage appeal of the earlier procedural rulings on the bad faith claim would be contrary to the reason behind permitting this coverage appeal to proceed in the first place, namely, that the coverage and bad faith claims are separate and that the coverage issue should therefore be determined before the bad faith claim proceeds. We thus conclude that our scope of review in this coverage appeal does not involve the earlier rulings regarding the bad faith claim.

---

[2]In its response to C.H.'s motion for appellate attorneys' fees, NAC admits that "this appeal is not related to the trial court's partial final judgment finding coverage"; "[r]ather, NAC's appeal is based on the trial court's order allowing S.C. and C.H. to plead a cause of action for common law bad faith in 2013 within the underlying tort action which was initially filed in 2010."

[3]We note that rule 9.110(m) explicitly provides for review of judgments determining coverage in insurance cases, but this court has held that rule 9.110(m) does not create a new basis of jurisdiction over those judgments and that they must be otherwise appealable. See Universal Underwriters Ins. Co. v. Stathopoulos, 113 So. 3d 957 (Fla. 2d DCA), rev. denied, 116 So. 3d 1264 (Fla. 2013); Centennial Ins. Co. v. Life Bank, 953 So. 2d 1 (Fla. 2d DCA 2006).

NAC argues that this court should treat the instant proceeding as a petition for writ of certiorari to review the circuit court's rulings on the bad faith issue. But those rulings were made in January 2014 and November 2013, and NAC did not seek timely certiorari review of those orders. See Fla. R. App. P. 9.100(c)(1) (providing that a petition for writ of certiorari "shall be filed within 30 days of rendition of the order to be reviewed"). In fact, NAC filed a petition for writ of certiorari in this court in July 2014 seeking review of those two orders, and this court dismissed the petition as untimely. In arguing that the circuit court erred in allowing C.H. to bring a bad faith claim against NAC in the underlying tort action, NAC relies mainly on GEICO General Insurance Co. v. Harvey, 109 So. 3d 236, 238 (Fla. 4th DCA 2013).[4] But we note that Harvey appears to involve a timely petition for writ of certiorari.

---

[4]In GEICO General Insurance Co. v. Harvey, 109 So. 3d 236, 237 (Fla. 4th DCA 2013), the plaintiff in an underlying negligence action was permitted to join the insurer as a defendant, under the provisions of the nonjoinder statute, after the plaintiff obtained a verdict against the insured tort defendant. The insured defendant then asserted a bad faith claim against the insurer, and the insurer attempted to remove the case to federal court but such removal was denied as untimely. Id. The insurer then moved to dismiss or sever the bad faith claim, which the circuit court denied. The insurer sought certiorari review, and the Fourth District granted the petition:

> We conclude that an insurance bad faith claim must be raised in a separate cause of action and cannot be brought in an underlying tort action. The denial of the motion to dismiss has the practical effect of preventing [the insured] from removing this action to federal court based on diversity jurisdiction.

Id. at 237. We do not reach the question of whether Harvey applies to the facts in this case. Compare Harvey, 109 So. 3d 236, with Safeco Ins. Co. of Illinois v. Beare, 152 So. 3d 614, 617 (Fla. 4th DCA 2014) (distinguishing Harvey and holding that dismissal is not the only approved method of handling premature bad faith claims and refusing, on certiorari review, to quash an order abating, rather than dismissing, a first-party bad faith claim). We note that nothing appears to prevent NAC from raising this argument on appeal from the final judgment of the bad faith claim once it is decided in the underlying action. See Safeco Ins. Co. of Illinois v. Rader, 132 So. 3d 941, 946 (Fla. 1st DCA 2014) (holding that the harm of litigating in state court is not the type of irreparable

- 6 -

Affirmed.


SILBERMAN and LaROSE, JJ., Concur.

---

harm reviewable by certiorari because it can be reviewed on direct appeal from the state court action; if an appellate court ultimately determines that the bad faith claim should have been dismissed, plaintiff would be required to file a new action and the insurer could then remove it to federal court).