**Evelyn L. BELE and William Bele, Plaintiffs,**

v.

**21ST CENTURY CENTENNIAL INSURANCE COMPANY, Defendant.**

Case No. 6:15–cv–526–Orl–40GJK.

United States District Court, M.D. Florida.

Signed Sept. 1, 2015.

William John Scott, Law Offices of William J. Scott, P.A., Jacksonville, FL, for Plaintiffs.

James Michael Shaw, Jr., John W. Weihmuller, Butler Weihmuller Katz Craig, L.L.P., Tampa, FL, Meredith L. Sasso, Sanabria Llorente & Associates, Maitland, FL, for Defendant.

### *ORDER*

PAUL G. BYRON, District Judge.

This cause comes before the Court on the following:

1. Defendant's, 21st Century Centennial Insurance Company, Motion to Dismiss Counts II and III (Doc. 7), filed April 2, 2015; and

2. Plaintiffs', Evelyn L. Bele and William Bele, Response to Defendant's Motion to Dismiss Counts II and III (Doc. 15), filed April 29, 2015.

Upon consideration, Defendant's motion is due to be granted in part and denied in part for the reasons articulated herein.

## I. BACKGROUND [1]

This case arises out of a motor vehicle accident that occurred in March 2014 in Lake County, Florida. (Doc. 2, ¶ 12). At that time, two non-party drivers collided, disabling one of the driver's vehicles. (*Id.* ¶ 13). Around the same time, Plaintiff, Evelyn Bele, and her husband, Anthony Bele, were traveling in their vehicle which was being driven by their neighbor. (*Id.* ¶ 14). The Beles' vehicle struck the disabled vehicle, injuring the Beles. (*Id.* ¶¶ 15–16).

At the time of the collision, the Beles were insured by Defendant, 21st Century Centennial Insurance Company, under an automobile insurance policy that provided non-stacking underinsured/uninsured motorist ("UM") coverage with limits of $250,000 per person and $500,000 per accident. (*Id.* ¶ 17; Doc. 1–1, p. 14). The

---

[1]. This account of the facts is taken from Plaintiffs' Complaint (Doc. 2), the allegations of which the Court must accept as true in considering Defendant's Motion to Dismiss.

*See Linder v. Portocarrero,* 963 F.2d 332, 334 (11th Cir.1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.,* 711 F.2d 989, 994 (11th Cir.1983).

non-party at-fault driver had an insurance policy with limits of $100,000 per person and $300,000 per accident. (Doc. 1–1, p. 18). The insurance company for the at-fault driver tendered its policy limits of $100,000 to the Beles for a combined tender of $200,000. (*Id.*). Despite this tender, the at-fault driver was underinsured for the claim. (*Id.*). Defendant has denied UM coverage to Evelyn and Anthony Bele. (Doc. 2, ¶ 21).

On March 2, 2015, Plaintiffs, Evelyn Bele and William Bele, as personal representative for the estate of Anthony Bele (collectively, "Plaintiffs"), initiated this action by filing a Complaint against Defendant in the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida. (Doc. 12, p. 1). Plaintiffs' Complaint alleges three claims for relief. (Doc. 2). Count I alleges a claim for breach of contract and seeks UM benefits. Count II alleges a claim for bad-faith. Count III seeks a declaratory judgment to determine liability and damages. On March 27, 2015, Defendant timely removed this case to federal court. (Doc. 1). On May 15, 2015, the Court denied Plaintiffs' Motion to Remand the case to state court finding that the Court had diversity jurisdiction over the case. (Doc. 19). Defendant now moves to dismiss Counts II and III of Plaintiffs' Complaint. (Doc. 7).

## II. STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.Civ.P. 8(a)(2). When a complaint fails to "state a claim to relief that is plausible on its face," the defendant may seek dismissal of the complaint under Rule 12(b)(6). *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). When considering a Rule 12(b)(6) motion to dismiss, courts must accept all well-pleaded factual allegations—but not legal conclusions—in the complaint as true.

*Twombly,* 550 U.S. at 555, 127 S.Ct. 1955. After disregarding allegations that "are not entitled to the assumption of truth," the court must determine whether the complaint includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678–79, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

## III. DISCUSSION

### A. Count Two: Bad–Faith

■ In Count II, Plaintiffs assert a bad-faith claim against Defendant for violation of §§ 624.155(1)(b)(1) and 626.9541(1)(i)(3), Florida Statutes. (Doc. 2, ¶¶ 26–38). Under Florida law, a claim for bad-faith does not accrue until there has been a determination of liability and damages in the underlying contract claim. *See Blanchard v. State Farm Mut. Auto. Ins. Co.,* 575 So.2d 1289, 1291 (Fla.1991). Plaintiffs do not dispute that their bad-faith claim is premature. Thus, the only issue before the Court is whether it should abate Plaintiffs' bad-faith claim or dismiss it without prejudice as premature. *Landmark Am. Ins. Co. v. Studio Imps., Ltd., Inc.,* 76 So.3d 963, 964–65 (Fla.Dist.Ct.App.2011) ("The trial court can decide to either dismiss the bad faith claim without prejudice or abate the claim until the underlying breach of contract issue is resolved.").

■ Courts have not settled on a single course of action for handling unripe bad-faith claims. *Compare Lawton–Davis v. State Farm Mut. Auto. Ins. Co.,* No. 6:14–cv–1157–orl–37GJK, 2014 WL 6674458, at *3, *4 (M.D.Fla. Nov. 24, 2014) (abating bad-faith claim); *Gianassi v. State Farm Mut. Auto. Ins. Co.,* 60 F.Supp.3d 1267, 1271, 1273 (M.D.Fla.2014) (same), *with Mann v. Taylor,* No. 5:15–CV–7–RS–GRJ, 2015 WL 500803, at *3 (N.D.Fla. Feb. 5, 2015) (dismissing bad-faith claim without

prejudice); *Duke's Steakhouse, Inc. v. Certain Interested Underwriters at Lloyd's London Subscribing to Policy #'s L10829 & L13105*, No. 8:11–cv–1324–T–24EAJ, 2011 WL 4376788, at *2 (M.D.Fla. Sept. 6, 2011) (same). Ultimately, the decision of whether to abate or dismiss without prejudice rests in the sound discretion of the Court. *See Vanguard Fire & Cas. Co. v. Golmon*, 955 So.2d 591, 595 (Fla.Dist.Ct. App.2006) (per curiam) (noting that "the trial court has authority to abate the statutory claims, rather than to dismiss them, if it appears to the court that abatement would be in the interest of judicial economy").

Plaintiff's primary argument is that abatement serves judicial economy. Florida's Fourth District Court of Appeal recently held that "the initial action between the insurer and the insured fixes the amount of damages in a first-party bad faith action." *See GEICO Gen. Ins. Co. v. Paton*, 150 So.3d 804, 807 (Fla.Dist.Ct. App.2014). Because of the court's holding in *Paton*, many—but not all—courts have abated bad-faith claims when they accompany claims for UM benefits, rather than dismissing them without prejudice.

■ However, in the Court's view, abating the bad-faith claim, even if it may be in the interest of judicial economy, is not the proper route. Bringing a premature bad-faith claim is contrary to the Federal Rules of Civil Procedure. A plaintiff who has an as-yet unresolved claim for UM benefits it not "entitled to relief" on its claim for bad-faith. Fed.R.Civ.P. 8(a)(2). Moreover, depending on the outcome of the UM claim, a plaintiff may never be entitled to relief on his or her bad-faith claim. Thus, it is this Court's position that until a bad-faith claim has a factual basis to support it—*i.e.*, the plaintiff's claim for UM benefits has been resolved in the plaintiff's favor—such claim is prematurely brought. Accordingly, in exercising its discretion, the Court will dismiss without prejudice, rather than abate, Plaintiff's unripe bad-faith claim.

## B. Count Three: Declaratory Judgment

In Count III, Plaintiffs request that the Court enter a declaratory judgment determining liability and the total amount of damages suffered by Plaintiffs. (Doc. 2, ¶¶ 39–44). Defendant argues that Plaintiffs' claim for declaratory judgment must be dismissed because no actual controversy exists. (Doc. 7, pp. 6–7).

■ The Court must evaluate Plaintiffs' declaratory relief claim pursuant to the Declaratory Judgment Act.[2] *See Gianassi*, 60 F.Supp.3d at 1272; *Shapiro v. Gov't Emps. Ins. Co.*, No. 14–CIV–62792, 2015 WL 127897, at *3 (S.D.Fla. Jan. 8, 2015). Under the Declaratory Judgment Act, a declaratory judgment may be issued only in the case of an actual controversy. 28 U.S.C. § 2201(a). The controversy must not be "conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury." *Shapiro*, 2015 WL 127897, at *3; *Gianassi*, 60 F.Supp.3d at 1272.

---

2. Count III is brought pursuant to §§ 86.011–.111, Florida Statutes. (Doc. 2, ¶ 40). However, "[w]hen a case is removed from state to federal court on the basis of diversity of citizenship, the federal court applies state substantive law and federal procedural law." *Gianassi*, 60 F.Supp.3d at 1271. "Both the federal Declaratory Judgment Act, 28 U.S.C. § 2201, and Chapter 86, Florida Statutes are procedural, they do not create or change any substantive rights." *Id.* Thus, a claim for declaratory relief under Chapter 86 of the Florida Statutes is properly construed under the federal Declaratory Judgment Act. *See id.* at 1271–72.

 Plaintiffs argue that their claim for declaratory relief as to apportionment of liability and damages is sufficiently concrete because it is an element of their bad-faith claim. The Court rejects this argument as unpersuasive for two reasons. First, the Court has previously determined that Plaintiffs' bad faith claim should be dismissed without prejudice as it is premature at this time. Second, a majority of courts dismiss similar declaratory judgment claims because no actual controversy exists prior to the determination of the damages suffered in the claim for UM benefits. *See e.g., Lawton–Davis,* 2014 WL 6674458, at *3 ("Plaintiff's bad-faith claim is premature and thus the parties are not presently in controversy over it and, in any event, a declaration as to liability and damages would not dispose of all issues necessary to completely resolve the bad-faith claim."); *Gianassi,* 60 F.Supp.3d at 1272 (dismissing declaratory judgment count with prejudice); *Smith v. 21st Century Centennial Ins. Co.,* No. 8:14–v–2531–T–26TBM, 2014 WL 5474591, at *1 (M.D.Fla. Oct. 29, 2014) ("Count III for declaratory relief must be dismissed because there is no actual controversy prior to the determination of the damages suffered in the underlying contract claim. . . .").

 Here, the determination of liability and the total amount of damages suffered in the underlying contract claim have not been determined. Thus, as it now stands, there is no actual and definite controversy as "[t]he Declaratory Judgment Act does not permit a present attempt to quantify an amount of damages for a future bad faith claim because such a declaration does not resolve the entire controversy of whether bad faith occurred." *Smith,* 2014 WL 5474591, at *1. Accordingly, Count III will be dismissed with prejudice.

## IV. CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED:**

1. Defendant's, 21st Century Centennial Insurance Company, Motion to Dismiss Counts II and III (Doc. 7) is **GRANTED** as follows:

    a. Count II is **DISMISSED WITHOUT PREJUDICE.**

    b. Count III is **DISMISSED WITH PREJUDICE.**

2. Defendant shall answer Plaintiffs' Complaint within **fourteen (14) days** of the date of this Order.