ORFINGER, J.
State Farm Mutual Automobile Insurance Company appeals the partial final and supplemental cost judgments entered in favor of Karl H. Wallace in his suit for uninsured motorist benefits arising out of a motor vehicle accident.[1] We affirm the judgments, but write to address one of State Farm's arguments.
Mr. Wallace was injured in a vehicular accident with an uninsured motorist. At trial, Dr. Chintan Desai, a board certified radiologist specializing in magnetic resonance imaging ("MRI"), testified as a retained expert for Mr. Wallace. Dr. Desai interpreted an MRI as showing an endplate edema and annular tear at L2-L3 and an annular tear at the L5-S1 level. To explain his findings, Dr. Desai used an exhibit, consisting of two MRI images showing the L2-L3 and L5-S1 levels of the spine with typed labels that restated his findings. Mr. Wallace then sought to introduce the two-image exhibit with Dr. Desai's labels into evidence. State Farm objected, explaining that while it did not object to unaltered images being admitted into evidence, it did object to Dr. Desai's annotations, which, it contended, merely restated his opinions. Mr. Wallace countered that the images and Dr. Desai's labels were "factual findings" and thus were admissible. The trial court overruled State Farm's objection and allowed the labeled exhibit ("Desai exhibit") into evidence.
Later in the trial, State Farm asked its expert, Dr. Steve Bailey, a neurosurgeon, whether there was endplate edema on the images comprising the Desai exhibit, as Dr. Desai had noted. Mr. Wallace objected, arguing that it was improper to comment on another witness's testimony. The trial court agreed and sustained the objection. The trial court also prohibited State Farm from using the Desai exhibit when questioning Dr. Bailey.
State Farm correctly contends that the trial court erred by allowing Mr. Wallace to present the Desai exhibit to the jury with Dr. Desai's opinions superimposed on the MRI images. Contrary to Mr. Wallace's argument, the Desai exhibit should not have been admitted in evidence with Dr. Desai's annotated opinions. Certainly the images themselves were admissible, but Dr. Desai's annotations represented his opinions and were not "factual findings," as Mr. Wallace contends. See, e.g., *156 Gold, Vann & White, P.A. v. DeBerry, 639 So.2d 47, 56-57 (Fla. 4th DCA 1994) (holding trial court erred when it allowed charts and summaries prepared by experts into evidence).
Likewise, as State Farm argues, the trial court erred by precluding State Farm from using the admitted Desai exhibit to obtain its expert's opinion on the same images. Contrary to the trial court's ruling, State Farm's expert should have been permitted to review the images contained in the Desai exhibit and testify that he saw no abnormalities, without commenting on Dr. Desai's opinion. See Caban v. State, 9 So.3d 50, 53 (Fla. 5th DCA 2009) (explaining that expert may properly explain opinion on issue in controversy so long as expert does not attack opposing expert's ability, credibility, reputation or competence). However, we find the errors harmless as Dr. Bailey was permitted to offer his opinion using substantially similar MRI images. Thus, we affirm the judgments.
AFFIRMED.
WALLIS and EDWARDS, JJ., concur.

This Court has jurisdiction. See Fla. R. App. P. 9.030(b)(1)(A) ; N. Am. Capacity Ins. Co. v. C.H., 173 So.3d 1075, 1077 (Fla. 2d DCA 2015) ("It is generally true that a final ruling on coverage is appealable when a bad faith claim remains pending between the parties, with the rationale being that the coverage issue should be completely resolved before the bad faith claim proceeds."); United Auto. Ins. Co. v. Tienna, 780 So.2d 1010, 1011 n.4 (Fla. 4th DCA 2001) (noting that "cases involving a contractual claim for insurance coverage and an attendant bad faith claim" are exception to general rule that "partial final judgments are premature and erroneous").